ATTORNEY FOR APPELLANT
Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

_____

No. 49S05-0406-CR-247

TIMOTHY JARRETT,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

_____

Appeal from the Marion Superior Court, 49G17-0109-DF-179690
The Honorable Danielle Gaughan, Commissioner

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 49A05-0306-CR-283

_____

**June 22, 2005**

**Shepard, Chief Justice.**

1

Following a bench trial, the court sentenced appellant Timothy Jarrett to three years executed time for battery, a class D felony, and entered a no-contact order as respects his former wife. While the trial court certainly had the power to enter such protection, it was necessary to invoke the procedures in the Indiana Civil Protection Order Act.

Timothy and Denise Jarrett were married in 1990 and divorced four years later. This appeal is the product of multiple charges that arose out of a physical confrontation between Jarrett and his former wife in the home they occupied with their daughter after Jarrett's release from prison in 2001. The court acquitted Jarrett on two counts and sentenced him on the battery. Ind. Code Ann. § 35-42-2-1(a)(2)(D) (West 2004). It ordered that he have no contact with his former wife while in prison, an order that also prohibited sending letters to the wife's residence addressed to the daughter.

Jarrett appealed, arguing that the conviction had been entered on the wrong charge and challenging the sufficiency of the evidence and the nature of the no-contact order. A divided Court of Appeals directed a technical revision of the judgment entry, but otherwise affirmed. Jarrett v. State, 804 N.E.2d 807, 814 (Ind. Ct. App. 2004) vacated. We granted transfer, and now summarily affirm the disposition the Court of Appeals gave to Jarrett's claims about the judgment and the adequacy of the evidence. Ind. Appellate Rule 58(A).

Jarrett appeals the no-contact order on grounds that injunctive relief is not among the penalties authorized for felonies. He also questions the propriety of prohibiting contact with his daughter in light of the fact that she was not even present during the altercation, a contention that won support from Judge Margret Robb. Jarrett, 804 N.E.2d at 814-15 (Robb, J., dissenting).

Jarrett's challenge to the no-contact order is governed by our recent decision in Laux v. State, 821 N.E.2d 816 (Ind. 2005). There, we held that the statutes setting the penalties for felonies do not, by their own terms, authorize imposition of a no-contact order as part of an executed sentence. Id. at 819. Of course, when a court suspends part of a sentence, it can certainly condition that suspension on no-contact. Id.

2

We also noted that Indiana courts possess substantial power to grant injunctive relief to those who may be the victims of violence, in accordance with code provisions spelling out the procedural and substantive prerequisites. Id. The legislature has created a variety of protective arrangements, recently revised to meet the various circumstances where a court order may be useful. See Ind. Code Ann. § 5-2-9-5 (West 2002) (listing various forms of protection, along with statutory cites).

We direct the trial court to correct the abstract of judgment to reflect the proper charge on which judgment was entered and to vacate the no-contact order. We otherwise affirm.

**Dickson, Sullivan, Boehm, and Rucker, JJ., concur.**