**Nedal HAMED, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A05–0512–CR–700.

Court of Appeals of Indiana.

Aug. 15, 2006.

Thomas W. Vanes, Crown Point, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Nedal Hamed appeals his sentence for criminal recklessness as a class A misdemeanor.[1] Hamed raises one issue, which we revise and restate as whether the trial court erred by including a no contact order in Hamed's sentence. Further, the State raises one issue, which we restate as whether Hamed's appeal should be dismissed as moot. We reverse and remand.

The relevant facts follow. On September 21, 2003, Carl Adler was driving his vehicle in Munster, Indiana, with Nicole Flores as a passenger. Hamed was also driving a vehicle and began chasing Adler at a high rate of speed. Hamed drove into the rear of Adler's vehicle three times, which caused Adler's vehicle to spin and leave the roadway. Adler incurred damages to his vehicle as a result. On September 22, 2003, the State charged Hamed, under cause number 45G04–0309–FC–117 ("Cause # 117"), with: (1) Count I, battery as a class C felony;[2] (2) Count II, criminal recklessness as a class A mis-

demeanor; (3) Count III, criminal recklessness as a class A misdemeanor; and (4) Count IV, battery as a class A misdemeanor.

The prosecutor filed a motion for a no contact order, which stated that the State "moves the Court, pursuant to I.C. 35–33–8–3.2(a)(4), to order [Hamed] to refrain from any direct or indirect contact with the complaining witness(es), Nicole Flores and Carl Adler. This No Contact Order shall remain in effect until the end of the criminal proceedings in the above-referenced cause number." Appellant's Appendix at 17. On September 30, 2003, the trial court entered an order, which stated:

> The State of Indiana moves for a No Contact Order. Motion for No Contact Order granted as it relates to Nicole Flores and Carl Adler. Order per form. The No Contact Order is signed by the defendant and a copy is given to the defendant in open court.

*Id.* at 15.

On March 31, 2004, Hamed, Mike Carothers, and Joanquain Kelly went to the home of George Barron in Highland, Indiana. Hamed, Carothers, and Kelly knocked on the door. When Barron opened the door, Hamed, Carothers, and Kelly forced their way into the home. Hamed and Kelly exerted unauthorized control over Barron's camcorder. On April 1, 2004, under cause number 45G04–0404–FB–22 ("Cause # 22"), the State charged Hamed with burglary as a class B felony.[3]

On October 7, 2005, Hamed pleaded guilty to criminal recklessness as a class A misdemeanor under cause number 117 and

---

1. Ind.Code § 35–42–2–2 (2004).

2. Ind.Code § 35–42–2–1 (2004) (subsequently amended by Pub.L. No. 2–2005, § 125 (emerg. eff. April 25, 2005)).

3. Ind.Code § 35–43–2–1 (2004).

theft as a class D felony under cause number 22. On November 3, 2005, the trial court held its sentencing hearing for both cause numbers and sentenced Hamed to one year for criminal recklessness as a class A misdemeanor and twenty months for theft as a class D felony. The trial court also ordered that the "No Contact Order issued in [Cause # 117] is to remain in effect for the remainder of [Hamed]'s sentence. The clerk is directed to cancel the No Contact Order on May 3, 2006." Appellant's Appendix at 85.

■ Before we turn to the merits of the appeal, we note that Hamed filed with our court an envelope containing a presentence investigation report on green paper and labeled "CONFIDENTIAL DOCUMENT" and *"NOT FOR PUBLIC ACCESS"* consistent with Ind. Trial Rule 5(G). Appellant's Green Appendix at Cover. However, Hamed also included in his appendix a xerox copy of the presentence investigation report on white paper. *See* Appellant's Appendix at 185–217. We remind Hamed that Ind. Appellate Rule 9(J) requires that "[d]ocuments and information excluded from public access pursuant to Ind. Administrative Rule 9(G)(1) shall be filed in accordance with Trial Rule 5(G)." Ind. Administrative Rule 9(G)(1)(b)(viii) states that "[a]ll pre-sentence reports pursuant to Ind.Code § 35–38–1–13" are "excluded from public access" and "confidential." The inclusion of the presentence investigation report printed on white paper in his appellant's appendix is inconsistent with Trial Rule 5(G), which states, in pertinent part:

Every document filed in a case shall separately identify information excluded from public access pursuant to Admin. R. 9(G)(1) as follows:

(1) Whole documents that are excluded from public access pursuant to Administrative Rule 9(G)(1) shall be tendered on light green paper or have a light green coversheet attached to the document, marked "Not for Public Access" or "Confidential."

(2) When only a portion of a document contains information excluded from public access pursuant to Administrative Rule 9(G)(1), said information shall be omitted [or redacted] from the filed document and set forth on a separate accompanying document on light green paper conspicuously marked "Not For Public Access" or "Confidential" and clearly designating [or identifying] the caption and number of the case and the document and location within the document to which the redacted material pertains.

Turning to the merits, the issue is whether the trial court erred by including a no contact order in Hamed's sentence. Prior to addressing the issue raised by Hamed, we must first address the State's argument that Hamed's appeal should be dismissed as moot. Specifically, the State argues that Hamed's claim on appeal is moot because the trial court ordered that the no contact order be cancelled on May 3, 2006, the no contact order has been cancelled, and Hamed appeals a sentence already served. Hamed argues that the issue is not moot because "[c]ontempt and/or criminal proceedings could be initiated against Hamed after May 3, 2006, for any violation that allegedly occurred at any point during the six (6) month period the order was in effect." Appellant's Brief at 5.

■ The long-standing rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court. *Matter of Lawrance*, 579 N.E.2d 32, 37 (Ind.1991). "When the concrete

controversy at issue in a case has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved, the case will be dismissed." *Id.* However, a case may be decided on its merits under an exception to the general rule when the case involves questions of "great public interest." *Id.* Cases found to fall within the public interest exception typically contain issues likely to recur. *Id.* Further, "[a]n appeal may be heard which might otherwise be dismissed as moot where leaving the judgment undisturbed might lead to negative collateral consequences." *Roark v. Roark,* 551 N.E.2d 865, 867 (Ind.Ct.App. 1990) (noting that "it is far better to eliminate the source of a potential legal disability than to require the citizen to suffer the possibly unjustified consequence of the disability itself for an indefinite period of time.")

■ We will address the merits of Hamed's claim because the issue is likely to recur and because of the possible negative collateral consequences involved. *See, e.g., C.T.S. v. State,* 781 N.E.2d 1193, 1198 (Ind.Ct.App.2003) (addressing the issue of appellant's detention in a juvenile detention center even though appellant had been released because the issue was likely to recur), *trans. denied; Kirby v. State,* 822 N.E.2d 1097, 1101 n. 4 (Ind.Ct.App.2005) (holding that "the mere fact that [appellant] has served his aggregate two- to five-year sentence on the convictions at issue does not render his claim regarding the validity of such convictions moot" and that "[appellant]'s criminal convictions have collateral consequences inasmuch as they have or may form the basis of a habitual offender enhancement"), *trans. denied;*

*see also Hill v. Ramey,* 744 N.E.2d 509, 511 n. 5 (Ind.Ct.App.2001) (holding that appellant's "Motion for Relief might normally be moot, as a protective order, unless renewed, expires after one year. However, the record and brief indicate that there were criminal actions filed against appellant for violating the Protective Order. We do not address the accuracy of this indication, other than to comment that in light of this information we will treat this issue as one that is not moot"); *In re Marriage of Stariha,* 509 N.E.2d 1117, 1123 (Ind.Ct.App.1987) (holding that the case was not moot because appellant's conviction and sentence had collateral consequences).

■ Hamed argues that the Indiana sentencing statutes do not authorize the trial court's no contact order as part of the executed sentence. We agree. "Indiana's statutory sentencing scheme specifies the penalties for various classes of offenses and grants trial judges some discretion." *Laux v. State,* 821 N.E.2d 816, 818 (Ind. 2005). "While the judge is vested with broad discretion in sentencing, he must act within statutorily prescribed limits." *Id.* (quoting *Douglas v. State,* 464 N.E.2d 318, 320 (Ind.1984)).

■ Ind.Code § 35–50–3–2 (2004) governs the sentence for criminal recklessness as a class A misdemeanor and provides that "[a] person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year; in addition, he may be fined not more than five thousand dollars ($5,000)." By its own terms, this statute does not authorize imposition of a no contact order as part of an executed sentence.[4] Thus, the trial court

---

4. In *Laux,* the Indiana Supreme Court noted "[t]o be sure, the trial court was hardly without the power to grant protection for [the victim]'s family and the children. Indiana's statutes provide a mechanism by which a victim may obtain a no-contact order. The legislature has created a variety of protective arrangements, recently revised to meet the

did not act within statutorily prescribed limits. The Indiana Supreme Court reached a similar conclusion in *Laux*, 821 N.E.2d at 819 and *Jarrett v. State*, 829 N.E.2d 930, 932 (Ind.2005), where it held that sentencing statutes did not authorize the imposition of a no contact order. We decline the State's invitation to reconsider these decisions as "[i]t is not this court's role to reconsider ... decisions of [the Indiana Supreme Court]." *Horn v. Hendrickson*, 824 N.E.2d 690, 694 (Ind.Ct.App. 2005).

For the foregoing reasons, we reverse the trial court's extension of the no contact order.

Reversed and remanded.

NAJAM, J. and ROBB, J. concur.

various circumstances where a court order may be useful. *See* Ind.Code Ann. § 5–2–9–5 (West 1998) (listing various forms of protection, along with statutory cites.)" *Laux*, 821 N.E.2d at 819.