**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JAMES A. GROFF, )<br><br>    Appellant-Defendant, )<br><br>       vs. )<br><br>STATE OF INDIANA, )<br><br>    Appellee-Plaintiff. ) | No. 90A02-1211-CR-886 |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable, James A. Heimann, Senior Judge
Cause No. 90C01-0806-FA-5

**July 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

James A. Groff ("Groff") challenges a statutory no-contact order which is a condition of his executed sentence following his plea of guilty to Sexual Misconduct with a Minor, a Class B felony.[1] He articulates the sole issue of whether the statute authorizing the no-contact order is unconstitutional. Concluding that Groff did not raise this issue in the trial court, and the trial court did not contravene statutory authority, we affirm.

**Facts and Procedural History**

On September 6, 2012, Groff pled guilty to Sexual Misconduct with a Minor for his conduct with M.B., who is Groff's niece and previously was his step-daughter. Three counts of Child Molesting, as Class A felonies, were dismissed. Groff was sentenced to twenty years imprisonment.

Additionally, the trial court imposed a no-contact order pursuant to Indiana Code section 35-38-1-30, which provides: "A sentencing court may require that, as a condition of a person's executed sentence, the person shall refrain from any direct or indirect contact with an individual." Over Groff's objection that the order was overly-inclusive, he was prohibited from contact with the victim, her mother (Groff's ex-wife), her siblings and the children and spouses of those individuals. The trial court stated that Groff "represents a credible threat to the physical safety of the persons named." (Tr. 305.)

On October 17, 2012, Groff filed a pro-se "Notice of Motion Objecting and Challenging of Protective Order or Restraining Order Against Me or No-Contact Order."

---

[1] Ind. Code § 35-42-4-3 [this statutory section was in effect at the time of Groff's crime].

2

(App. 287.) On the same day, the trial court appointed counsel for Groff "for the limited purpose of appealing the No Contact Order." (App. 286.) This appeal ensued.

**Discussion and Decision**

Groff claims that Indiana Code section 35-38-1-30 is unconstitutional with respect to both the federal and state constitutions.[2] More specifically, Groff claims there is undue infringement upon his liberty, right of privacy, and freedom to associate guaranteed by the First and Fourteenth Amendments to the United States Constitution; the statutory order violates the prohibition against cruel and unusual punishment found in the Eighth Amendment to the United States Constitution and Art. I, section 16 of the Indiana Constitution; Groff's right to speak and write has been restricted in violation of Art. I, section 9 of the Indiana Constitution; Groff's right of assembly has been restrained in violation of Art. I, section 31 of the Indiana Constitution; and finally, Groff has been deprived of equal protection under the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Art. I, section 23 of the Indiana Constitution.

The State, on cross-appeal, asserts that Groff has waived his claim of unconstitutionality by failing to raise a constitutional challenge at the sentencing hearing or in his pro-se petition to vacate the no-contact order.[3] The State further argues that there is no appealable issue before this Court and "at most" Groff is entitled to a hearing in the trial

---

[2] This statute was enacted in 2008, apparently in response to Jarrett v. State, 829 N.E.2d 930 (Ind. 2005). In Jarrett, the Indiana Supreme Court recognized that the statutes establishing penalties for felonies did not authorize the imposition of a "no contact" order as part of an executed sentence. 829 N.E.2d at 932. To date, no appellate court decisions have cited the statute.

[3] Arguments raised for the first time on appeal are waived. Stewart v. State, 945 N.E.2d 1277, 1288 (Ind. Ct. App. 2011), trans. denied.

3

court to determine the propriety of the no-contact order. Appellee's Brief at 12. We agree with the State that Groff failed to timely raise and properly develop a constitutional challenge in the trial court. Moreover, the trial court determined that Groff represented a credible threat to each of the named individuals based upon the exhibits, testimony, and argument before the court. The trial court's invitation to Groff to "submit something" merely contemplated a submission of legal argument or precedent as to whether the trial court lacked statutory authority to fashion an order including a non-victim. (Tr. 302.)

Some of Groff's family members wrote to the trial court expressing fear of Groff and requesting protection. At the sentencing hearing, a discussion ensued between the trial court, a victim's advocate, the deputy prosecutor, and Groff's counsel regarding a no-contact order issued as part of an executed sentence. All agreed that the victim and her household members were properly includible; the State argued that any at-risk individual could be included, and Groff's attorney appeared to concede that those family members who had contacted the trial court via letter to express fear or request protection could be included.

Ultimately, however, defense counsel objected to sua sponte inclusion of individuals in the no-contact order: "I would like to object to a non-part [sic] who hasn't sought a protective order being issued a protective order sua sponte, I don't think that's proper." (App. 301.) The trial court replied that no individuals were added sua sponte; rather, the court was responding to requests from the deputy prosecutor and a victim's advocate. The latter confirmed their requests. The trial court then advised defense counsel:

4

> If you find something that says I can't do it submit something, even though he can't appeal I mean that issue if I'm wrong certainly let me know. So if you find something to contradict that you know certainly I'll grant you that.

(Tr. 302.) The trial court asked whether the deputy prosecutor had any objection and the deputy prosecutor expressed the opinion that a motion to correct error challenging only the no-contact order was not prohibited by a provision in the plea agreement whereby Groff agreed not to seek review of his sentence for inappropriateness. The trial court indicated that a motion to correct error would be entertained if Groff could meet his burden of proof.[4]

Thereafter, Groff filed his pro-se motion asking that the trial court "remove the no contact order against [all named protected persons]." (App. 287.) Groff argued in support of his petition: "at no time since Dec. 20, 2007 to Oct, 2012 has any family member ever been harassed nor ever been threatened." (App. 287.) He asked the trial court to declare the no-contact order void and requested that the court provide "all forms containing the required information I need to submit to obtain a hearing in this case." (App. 288.)

---

[4] We observe that Groff made no motion to withdraw his guilty plea. Indiana Code § 35-35-1-4(b) states the applicable standard when a defendant seeks to withdraw a guilty plea before the trial court has imposed a sentence:

> After entry of a plea of guilty ... but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea ... for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. ... The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea ... whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

Our appellate courts have interpreted this statute to require a trial court to grant such a request where the defendant "proves that withdrawal of the plea is necessary to correct a manifest injustice." Weatherford v. State, 697 N.E.2d 32, 34 (Ind. 1998) (citation omitted). "The court must deny a motion to withdraw a guilty plea if the withdrawal would result in substantial prejudice to the State." Id. "Except under these polar circumstances, disposition of the petition is at the discretion of the trial court." Id.

5

Accordingly, to the extent that Groff alleges invalidity of Indiana Code section 35-38-1-30, we observe that he did not present such allegations at the trial court level nor did he notify the Indiana Attorney General of a constitutional challenge.[5] He has, however, challenged the authority of the trial court to enter such a broad no-contact order and has attempted to procure a hearing at which testimony might be elicited regarding his alleged threat to certain named individuals. Groff's petition to the trial court requested that the no-contact order as to these persons be set aside for lack of an evidentiary basis.[6] We interpret this as a motion to correct error. See Indiana Trial Rule 59.

Ultimately, Groff's motion to correct error presents us with a matter of statutory construction. As such, we conclude that the question presented falls outside of Groff's waiver of appellate review for inappropriateness under Appellate Rule 7(B) or of a challenge to an erroneous sentence, as those terms are commonly understood.

Indiana Code section 35-38-1-30 does not include language specifically requiring an evidentiary hearing on the scope of the no-contact order. Nonetheless, the statute has great potential to impair freedom of association, and we must agree with Groff that the Legislature contemplated some showing of harm or potential harm to the protected person relative to the crime for which the defendant is being sentenced.

---

[5] Indiana Code section 34-14-1-11 provides for notice to and intervention by the Indiana Attorney General where "a statute, ordinance, or franchise is alleged to be unconstitutional."

[6] On appeal, Groff seems to concede that the no-contact order is proper as to the victim and her household, as he "respectfully requests this Court limit the "no-contact" order to the victim and the members of her household." Appellant's Brief at 30.

The interpretation of a statute is a legal question that is reviewed de novo. Nash v. State, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008), trans. denied. If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. Id. If, however, the language is susceptible to more than one reasonable construction, we must construe the statute in accordance with apparent legislative intent. Id.

Our goal is to determine the intent of the Legislature and implement that intent. Shaffer v. State, 795 N.E.2d 1072, 1076 (Ind. Ct. App. 2003). The best evidence of legislative intent is the language of the statute, giving all words their plain and ordinary meaning unless otherwise indicated by the statute. Chambliss v. State, 746 N.E.2d 73, 77 (Ind. 2001). We will presume that the legislature intended the language used in the statute to be applied logically and to avoid an unjust or absurd result. Nash, 881 N.E.2d at 1063. We strictly construe penal statutes against the State to avoid enlarging them beyond the fair meaning of the language used. Luhrsen v. State, 864 N.E.2d 452, 455 (Ind. Ct. App. 2007), trans. denied.

Indiana Code section 35-38-1-30 provides for a particular consequence upon the commission of a crime. Accordingly, although the statute employs the phrase "an individual" to describe the person to be protected, there must necessarily be some nexus between the no-contact order and the crime for which the defendant is being sentenced. To interpret the statute otherwise would result in an absurdity, something which we will avoid. Nash, 881 N.E.2d at 1063.

As to the victim of a crime, the nexus is established by evidence that the defendant

7

committed the criminal act against the victim. This is satisfied by the presentation of evidence at trial or a factual basis submitted for a guilty plea. As to other individuals, the nexus may be demonstrated at the sentencing hearing or a post-trial hearing. Family members having only a tenuous connection to the crime for which a defendant is being sentenced may nonetheless seek civil protective orders. See Indiana Code section 34-26-5 et seq.

Here, the plea agreement between the State and the Groff contemplates that Groff could be subject to conditions of his sentence beyond the imposition of a term of years. Although it would be preferable to state within the plea agreement the name or names of each victim or protected person includible in a no-contact order, thereby dispelling any potential ambiguity, we do not find the omission fatal in these circumstances.

As the State points out, allegations have been made that Groff physically abused all his former step-children. He has two prior convictions for sexual offenses against family members. Also, an officer testified at the sentencing hearing that Groff had, during his incarceration, written fifty letters and initiated twenty telephone calls in attempts to reach family members. Having knowledge of the prior convictions, the letter-writing campaign, and the pervasive attempts to make telephone contact, the trial court concluded that Groff represented a threat to the extended family and not just the direct victim of the latest of his crimes to be prosecuted. Thus, we conclude that there is a nexus between the no-contact order and the crime for which the defendant is being sentenced.

Each of the eleven persons encompassed by the no-contact order herein was a person

eligible for protection within the meaning of Indiana Code section 35-38-1-30. The trial court did not act outside its statutory authority.

Affirmed.

NAJAM, J., and BARNES, J., concur.