## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 28 2015, 9:16 am
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Leanna Weissmann<br>Lawrenceburg, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Richard C. Webster<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandon Eubank,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 28, 2015<br><br>Court of Appeals Case No.<br>15A01-1502-CR-69<br><br>Appeal from the Dearborn Superior Court.<br>The Honorable Sally A. McLaughlin, Judge.<br>Cause No. 15D02-1407-F6-325 |

**Sharpnack, Senior Judge**

# Statement of the Case

Brandon Eubank appeals from the trial court's sentencing order entered after he pleaded guilty to one count of Level 6 neglect of a dependent[1] and one count of resisting law enforcement[2] as a Class A misdemeanor. We affirm in part, reverse in part, and remand with instructions.

# Issues

Eubank presents the following issues for our review:

I. Whether the trial court erred by imposing a sentence in violation of the terms of the plea agreement.

II. Whether Eubank's sentence is inappropriate in light of the nature of the offense and the character of the offender.

# Facts and Procedural History

According to the probable cause affidavit, which was used to establish the factual basis for Eubank's plea, on July 18, 2014, Eubank had the care and custody of his son, B.L.E., Jr., who was sixteen months old. On that date, Deputy Brad Schwing of the Dearborn County Sheriff's Department spoke with B.L.E.'s mother, Melissa Green, who had a court order giving her interim custody of the child. Deputy Schwing and Green went to Eubank's residence to enforce that court order and they observed him pushing a baby stroller

---

[1] Ind. Code § 35-46-1-4(a) (2014).

[2] Ind. Code § 35-44.1-3-1(a) (2014).

outside of his apartment. When Deputy Schwing exited his vehicle Eubank began yelling obscenities at him, telling him to re-enter his vehicle and leave, and that he was not going to take Eubank's son from him. Deputy Schwing advised Eubank that he had a court order for Green to take custody of B.L.E. As Deputy Schwing approached Eubank, Eubank continued cursing at the officer, told him that he was not going to take B.L.E., picked up B.L.E., and started to walk away from Deputy Schwing.

[4] Deputy Schwing warned Eubank to calm down and not to make matters worse by forcing the officer to arrest him for disorderly conduct. Eubank continued to swear at the officer threatening that he would not let the officer take away his son. Deputy Schwing grabbed Eubank's wrist and told him that he was being arrested for disorderly conduct. Eubank pulled away and continued to threaten and curse at the officer. Deputy Schwing was unable to handcuff Eubank because of the potential harm that might come to B.L.E., who remained in Eubank's arms.

[5] Ultimately, Eubank handed B.L.E. to Green. The officer grabbed Eubank's wrist in an attempt to handcuff him, but Eubank was able to pull away. Eubank continued to scream at the officer and ran into the street, narrowly missing being struck by a car that was passing by.

[6] The State charged Eubank with one count of neglect of a dependent, one count of disorderly conduct, and one count of resisting law enforcement. Eubank and the State entered into a joint motion tendering a conditional negotiated plea

agreement, which called for Eubank to plead guilty to neglect of a dependent and resisting law enforcement. In exchange for the plea, the State agreed to dismiss the count alleging disorderly conduct. The parties agreed that the length of Eubank's sentences for the two counts would be left to the trial court's discretion but would be served concurrently.

[7] The trial court accepted Eubank's guilty plea. The trial court sentenced Eubank to a term of 910 days executed for his conviction of neglect of a dependent with 365 days suspended to supervised probation and sentenced Eubanks to ninety days executed for resisting law enforcement but ordered the sentences to be served consecutively. Eubanks now appeals.

# Discussion and Decision

## I. Sentencing Error

[8] Eubank alleges and the State concedes that the trial erred by imposing consecutive sentences when the plea agreement explicitly provided for concurrent sentences. Eubank, however, has already served the executed portion of his sentence.

[9] Plea agreements are in the nature of contracts entered into between the defendant and the State, and, upon acceptance by the trial court, bind the trial court. *Lee v. State*, 816 N.E.2d 35, 38 (Ind. 2004). In general, once an appellant's sentence has been served, a challenge to the validity of his sentence is rendered moot. *Irwin v. State*, 744 N.E.2d 565, 568 (Ind. Ct. App. 2001). In cases where the appeal is rendered moot because the defendant has served his

sentence and none of the issues raised on appeal justify review under the public interest exception, we have dismissed the appeal. *See, e.g.*, *Bell v. State*, 1 N.E.3d 190, 193 (Ind. Ct. App. 2013) (dismissing appeal as moot).

Eubank's appeal, however, is different and we do not dismiss it. We will address the issues presented in an appeal which might otherwise be dismissed as moot where leaving the judgment undisturbed might lead to negative collateral consequences. *Hamed v. State*, 852 N.E.2d 619, 622 (Ind. Ct. App. 2006). In this case there are potential negative collateral consequences. Although Eubank was released from the Department of Correction after serving the executed portion of his sentence, the trial court ordered a portion of his sentence to be suspended to supervised probation. Because of the potential sentencing consequences Eubank might face in the event he violates his probation, we will address the merits of his appeal.

Paragraph 13 of Eubank's plea agreement states that the parties agreed that the sentences imposed by the trial court would be served concurrently. Appellant's Appendix p. 26. Because of this sentencing error, we reverse the trial court's sentencing order and remand with instructions to issue an order reflecting concurrent sentencing.

## II. Inappropriate Sentence

Likewise, we consider Eubank's challenge to the appropriateness of his sentence. In the event that Eubank were to violate the conditions of his probation, the trial court has options for the sanctions to be imposed for the

probation violation. *See* Ind. Code § 35-38-2-3 (2012). The choice of sanction depends on the terms of the probationer's sentence. *Id.*

[13] A sentence authorized by statute will not be revised unless the sentence is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B). We must not merely substitute our opinion for that of the trial court. *Sallee v. State*, 777 N.E.2d 1204, 1216 (Ind. Ct. App. 2002), *trans. denied*. In determining the appropriateness of a sentence, a court of review may consider any factors appearing in the record. *Clara v. State*, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). The question for our review is not whether another sentence is more appropriate, but rather, whether the sentence imposed is inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012).

[14] Indiana Code section 35-46-1-4 (2014) provides in pertinent part that a person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally places the dependent in a situation that endangers the dependent's life or health commits neglect of a dependent, a Level 6 felony. Indiana Code section 35-44.1-3-1 (2014) provides in pertinent part that a person who knowingly or intentionally flees from a law enforcement officer after the officer has by visible or audible means identified himself and ordered the person to stop has committed resisting law enforcement, a Class A misdemeanor. The sentencing range for a Class A misdemeanor is a fixed term of not more than one year. Ind. Code § 35-50-3-2 (1977). The sentencing range for a Level 6 felony is a fixed term of between six

months and two and a half years, with the advisory sentence being one year. Ind. Code § 35-50-2-7(b) (2014). The trial court sentenced Eubank to 910 days for his conviction of neglect of a dependent, with 365 days suspended to supervised probation and to ninety days for his conviction of resisting law enforcement.

[15] With respect to the nature of the offenses, Eubank, when confronted by Deputy Schwing who was enforcing a valid custody order, placed his son, who was sixteen months old at the time, in a position where he might have been injured. Eubank refused to surrender B.L.E. to the officer who was assisting B.L.E.'s mother in gaining custody of her son. Eubank, who was in a position of trust, used B.L.E. as a shield to prevent Deputy Schwing from arresting Eubank for disorderly conduct. Eubank pulled away from the officer and cursed at him. Eubank fled from Deputy Schwing once Eubank surrendered B.L.E. to the child's mother and in the process Eubank was nearly struck by a passing vehicle.

[16] With respect to the character of the offender, Eubank's criminal history reveals his inability to abide by the law. Eubank, who was twenty-six years old at the time of sentencing, has violated the terms of his probation at least once every time he has been placed on probation. His criminal history began with a juvenile charge of operating a motor vehicle without ever receiving a license and adjudications for criminal mischief and conversion. As an adult, he has a felony conviction for tampering with evidence, or obstruction of justice, and has misdemeanor convictions for operating a vehicle with a BAC of .08 or more,

violating a protective order, and invasion of privacy. This history establishes that Eubank has been undeterred from criminal activity despite his numerous contacts with the criminal justice system and leniency given to him by the opportunity to serve portions of his sentences on probation.

In order to receive sentence revision under Indiana Appellate Rule 7(B), an appellant must demonstrate that his sentence is inappropriate in light of "*both* the nature of his offenses and his character." *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). Eubank has not demonstrated that his sentence is inappropriate in light of either the nature of his offenses or his character.

## Conclusion

In light of the foregoing, we affirm the trial court's sentence for each of Eubank's convictions. However, we reverse and remand the trial court's sentencing order with instructions to enter an order that complies with the terms of the plea agreement and reflects that the sentences were to be served concurrently.

Affirmed in part, reversed in part and remanded with instructions.

Mathias, J., and Pyle, J., concur.