

ATTORNEY FOR APPELLANT

John B. Norris
Vandivier Norris & Solomon
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gerald W. Stephenson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 28, 2016

Court of Appeals Case No.
41A01-1507-CR-1030

Appeal from the Johnson Superior Court

The Honorable Lance D. Hamner, Judge

Trial Court Cause No.
41D03-1410-CM-1490

**Najam, Judge.**

# Statement of the Case

Gerald W. Stephenson appeals his conviction for battery, as a Class B misdemeanor, following a bench trial. Stephenson raises three issues on appeal, namely:

1. Whether the State presented sufficient evidence to support his conviction.

2. Whether the trial court abused its discretion in sentencing him.

3. Whether his 180-day sentence for Class B misdemeanor battery is inappropriate in light of the nature of the offense and his character.

We affirm.

# Facts and Procedural History

Jessica Jordan and Stephenson were married for three years before divorcing, but they subsequently maintained a relationship. Jordan lived in Greenwood, Indiana and Stephenson lived in Canton, Ohio. Sometime in mid-October 2014, Jordan and Stephenson agreed that Stephenson and his two dogs could stay at Jordan's residence in Greenwood because Stephenson had a job interview that required him to fly out of the Indianapolis airport, and Jordan would be watching his dogs while he was gone.

On October 18, Jordan and Stephenson went to the Taxman Bar and Restaurant in Bargersville to have a few beers and watch a football game. At

around half-time, they left the Taxman and returned to Jordan's home. Once back at Jordan's home, Jordan began to prepare dinner while Stephenson watched the football game in the living room. At some point while cooking dinner, Jordan told Stephenson she suspected that he had taken some horse-riding spurs from her closet and given them to an eighteen-year-old girl who Jordan knew from Facebook and who, she believed, "had a thing for [Stephenson]." Tr. at 4, 7, 9. Stephenson and Jordan began to argue, and Stephenson then grabbed Jordan. Jordan attempted to push on Stephenson's face to get him out of her way, and this caused abrasions to Stephenson's face. Stephenson then pushed Jordan and, as she fell, she hit a coffee table. As Jordan attempted to get away from Stephenson, he grabbed at her and scratched her face. Jordan then went to the door of her apartment, opened it, and yelled out into the hallway.

[5] While Stephenson and Jordan had been arguing, Jasmine Forrester, Jordan's next door neighbor, heard a loud female voice from inside Jordan's apartment and in the hallway saying, "I can't breathe," "I'm going to call my dad," and "Stop it[,] you're hurting me." *Id.* at 17-19. Forrester called the police. Approximately five minutes later, Greenwood Police Officer Michele Richardson arrived at Jordan's apartment. Before knocking on Jordan's apartment door, Officer Richardson heard a female screaming from inside Jordan's apartment. When the officer knocked on the door, the screaming stopped. Two to three minutes later, Stephenson opened the apartment door. Officer Richardson observed some abrasions on Stephenson's face. After

obtaining Stephenson's permission to enter the apartment, Officer Richardson found Jordan in the bedroom, crying, upset, and having difficulty breathing. The officer observed red marks on the right side of Jordan's face. After speaking with Forrester, Jordan, and Stephenson, Officer Richardson arrested Stephenson for domestic battery.

[6] The State charged Stephenson with domestic battery, as a Class A misdemeanor. After a bench trial, the trial court found Stephenson guilty of the lesser included offense of battery, as a Class B misdemeanor. After a sentencing hearing, the trial court noted that Stephenson had served little or no jail time for his past two domestic violence-related convictions and that Stephenson exhibited no remorse. The trial court found no factors in mitigation. The court sentenced Stephenson to the maximum sentence of 180 days to be served in the Johnson County Jail. This appeal ensued.

## Discussion and Decision

### Issue One: Sufficiency of the Evidence

[7] Stephenson asserts that the State failed to present sufficient evidence to support his conviction. In reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of the witnesses. *See, e.g.*, *Jackson v. State*, 925 N.E.2d 369, 375 (Ind. 2010). We consider only the probative evidence and reasonable inferences therefrom that support the conviction, *Gorman v. State*, 968 N.E.2d 845, 847 (Ind. Ct. App. 2012), *trans. denied*, and we "consider conflicting evidence most favorably to the trial court's ruling," *Wright*

*v. State*, 828 N.E.2d 346, 352 (Ind. 2005). We affirm if the probative evidence and reasonable inferences drawn from that evidence "could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Jackson*, 925 N.E.2d 375.

[8] Pursuant to Indiana Code Section 35-42-2-1(b), to prove that Stephenson committed battery, as a Class B misdemeanor, the State was required to show that he knowingly or intentionally touched Jordan "in a rude, insolent, or angry manner." The evidence most favorable to the trial court's ruling showed that, while arguing with Jordan, Stephenson grabbed and scratched Jordan and pushed her, causing her to fall onto a coffee table. The testimony of Jordan, Officer Richardson, and Jordan's neighbor, Forrester, provided sufficient evidence of those actions, and those actions constitute battery under the statute.

[9] However, Stephenson insists that the evidence is insufficient because he provided testimony that it was Jordan who had instigated the violence and battered him. He points to photographs taken of his face after the incident, showing horizontal scratch marks. He contends that the fact that the scratches are horizontal proves that Jordan scratched him while he was laying down on the sofa watching football, not while he was attacking her. However, Stephenson is simply asking this court to reweigh the evidence, which we cannot do. The trial court clearly did not find Stephenson's version of events credible, and we will not second-guess the court's credibility assessment. *Jackson*, 925 N.E.2d 375.

[10]     Stephenson also maintains that Jordan's testimony that she scratched Stephenson's face as she was trying to push him away from her was incredibly dubious because the scratch marks were horizontal, not vertical. Under the incredible dubiosity rule, a court will impinge upon the factfinder's responsibility to judge the credibility of witnesses only when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. *Whatley v. State*, 908 N.E.2d 276, 282 (Ind. Ct. App. 2009), *trans. denied*. However, application of the rule is limited to cases where a single witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of guilt. *Id.* Here, the State presented more than one witness, and there is ample circumstantial evidence of Stephenson's guilt to support his conviction. Accordingly, the incredible dubiosity rule does not apply. *See id.* Even if the rule did apply, Jordan's testimony regarding the scratches is not "so incredibly dubious or inherently improbable that it runs counter to human experience, and no reasonable person could believe it." *Jarrett v. State*, 804 N.E.2d 807, 811 (Ind. Ct. App. 2004), *aff'd.* 829 N.E.2d 930 (Ind. 2005). The State presented sufficient evidence to support Stephenson's conviction.

### Issue Two: Abuse of Discretion in Sentencing

[11]     Stephenson contends that the trial court abused its discretion by sentencing him to the maximum sentence for battery, as a Class B misdemeanor, namely, 180 days fully executed. Ind. Code § 35-50-3-3. Specifically, he asserts that the trial

court erred by failing to find that mitigating factors outweighed the aggravating factors. However, the sentencing statute for Class B misdemeanors does not provide a presumptive or advisory sentence, but rather a maximum allowable sentence. *Id*.; *Creekmore v. State*, 853 N.E.2d 523, 527 (Ind. Ct. App. 2006). Therefore, the trial court was not required to articulate and balance aggravating and mitigating circumstances before imposing sentence on the misdemeanor conviction. *Creekmore*, 853 N.E.2d at 527. Nor was the trial court required to issue a sentencing statement with the misdemeanor conviction:

> it is clear that abuse of discretion review of a sentence, which concerns a trial court's duty to issue a sentencing statement along with its findings of aggravators and mitigators, has no place in reviewing a misdemeanor sentence. *See Cuyler v. State*, 798 N.E.2d 243, 246 (Ind. Ct. App. 2003), *trans. denied*; *see also Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007) (stating that post-*Blakely* revisions to sentencing statutes included sentencing statement requirement "whenever imposing sentence for a *felony* offense").

*Morris v. State*, 985 N.E.2d 364, 367 (Ind. Ct. App. 2013) (emphasis original), *aff'd in part, rev'd in part on other grounds on reh'g*, 985 N.E.2d 364 (Ind. Ct. App. 2013). Therefore, Stephenson's abuse of discretion in sentencing claim is without merit.

### Issue Three: Appropriateness of Sentence

[12] Stephenson also contends that his sentence is inappropriate in light of the nature of the offense and his character. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of

a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id.* Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. *See* Ind. Appellate Rule 7(B); *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." *Roush*, 875 N.E.2d at 812 (alteration original).

[13] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

[14] Stephenson first contends that the nature of the offense does not support an enhanced sentence. He bases this claim solely on his contention that Jordan provoked the violence. However, as we have already stated, the trial court

chose not to give that evidence credence, and we will not reweigh the evidence. Moreover, the nature of Stephenson's offense was violent; he grabbed Jordan, knocked her down, and scratched her, causing abrasions to her face.

[15] Stephenson also maintains that the sentence is inappropriate in light of his character. He points to evidence that he is a fifty-two-year-old, well-educated professional. He also points to his friend Dunbar's testimony that Stephenson is a good person who has helped him when Dunbar was prevented from doing activities due to his physical disability and that Stephenson "has treated Dunbar's son well and has been a good influence for him."[1] Appellant's Br. at 16. However, the trial court did not recognize any of this evidence as mitigating circumstances. Rather, the trial court focused on Stephenson's criminal history, which it noted included two domestic-violence related convictions for which Stephenson also denied responsibility and showed no remorse. Stephenson also had three operating while intoxicated convictions and one disorderly conduct conviction that also reflect poorly on his character. *See Rutherford*, 866 N.E.2d at 874. Thus, we cannot say that his sentence was inappropriate in light of his character.

---

[1] Stephenson also points to other evidence that relates not to his good character, but to Jordan's alleged bad character, such as her past criminal history. This other evidence is not relevant to our analysis of Stephenson's character under Rule 7(B).

# Conclusion

[16] The State has provided sufficient evidence to support Stephenson's conviction; the trial court did not abuse its discretion in sentencing him to the maximum sentence; and Stephenson has failed to persuade us that his sentence is inappropriate in light of the nature of his crime and his character.

[17] Affirmed.

Robb, J., and Crone, J., concur.