## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 03 2017, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Elgin Fidell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 3, 2017<br><br>Court of Appeals Case No.<br>49A04-1606-CR-1389<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Stanley Kroh, Magistrate<br><br>Trial Court Cause No.<br>49G03-1602-CM-6494 |

**May, Judge.**

[1] A jury found Elgin Fidell guilty of Level 5 felony battery[1] and Level 6 felony invasion of privacy.[2] Fidell appeals, arguing there was insufficient evidence to sustain his conviction of Level 5 felony battery and his sentence is inappropriate. We affirm.

## Facts and Procedural History

[2] Fidell and S.T. began dating in February 2015 and continued to date "on and off for about a year." (Tr. at 5.) Their relationship was tumultuous and Fidell was physically violent toward S.T. On April 21, 2015, S.T. obtained a protective order from the court under Cause Number 32D01-1504-CM-509 ("Cause 509") that required Fidell have no contact with S.T.

[3] On August 11, 2015, under Cause Number 49G16-1508-CM-028361 ("Cause 28361"), for acts committed against S.T., the State charged Fidell with Class A misdemeanor battery resulting in bodily injury[3] and Class A misdemeanor invasion of privacy.[4] On October 27, 2015, the trial court convicted Fidell of both crimes in Cause 28361.

---

[1] Ind. Code § 35-42-2-1(f)(4) (2014).

[2] Ind. Code § 35-46-1-15.1 (2014).

[3] Ind. Code § 35-42-2-1(c) (2014).

[4] Ind. Code § 35-46-1-15.1 (2014).

[4] Fidell and S.T. broke up in February 2016. On February 15, 2016, S.T. was at Circle Center Mall in Indianapolis with her friend Nick. While S.T. and Nick were walking around the mall, S.T. saw Fidell. Fidell called S.T. profane names, but S.T. ignored Fidell and walked away with Nick. S.T. and Nick then split up and agreed to meet later at the food court. When S.T. returned to the food court to meet Nick, she saw Fidell sitting with Nick. S.T. was "frustrated" and began yelling at Fidell because she knew Fidell and Nick were not friends. (*Id.* at 12.) Nick got up, and he and S.T. began to walk away. Fidell then "rushed" toward S.T. (*Id.*) S.T. pushed Fidell away and ran away from Fidell toward the escalators. Fidell chased after her. S.T. made it down the escalator from the third floor to the second floor before Fidell caught up with her. Fidell then threw S.T. onto the floor and began hitting and kicking her. Nick pulled Fidell off S.T., and a mall security guard, Ashley Patton, who had seen these events, approached. By the time Patton arrived, Fidell and S.T. were separated. Patton notified the mall security office of the situation, and the security office called the Indianapolis Metropolitan Police Department ("IMPD").

[5] Two other security officers arrived to assist Patton in escorting Fidell and S.T. to the security office. As the group was walking to the security office, Fidell began yelling and tried to hit S.T. in the head. The security officers and bystanders took Fidell to the ground. This second attack occurred outside of Victoria's Secret, near the mall's security office. Around this same time, IMPD Officer Gregory Weber arrived and observed Fidell yelling as he was being

restrained on the floor. As a result of Fidell's attacks, S.T. sustained contusions on her chest and forehead.

[6] On March 1, 2016, the State charged Fidell with Class B misdemeanor battery[5] and Class A misdemeanor invasion of privacy for Fidell's violation of the no contact order in Cause 509. In its charging information, the State alleged Fidell's prior convictions of battery and invasion of privacy in Cause 28361 could be used to elevate Fidell's present crimes. Thus, the State also charged Fidell with battery as a Level 5 felony and Level 6 felony invasion of privacy.

[7] The court held a bifurcated jury trial[6] on April 21, 2016. During the first part of the trial, the jury heard testimony from S.T., Patton, and Officer Weber regarding the incidents on February 15, 2016, at Circle Center Mall. The jury found Fidell guilty of battery as a Class B misdemeanor and invasion of privacy as a Class A misdemeanor. During the second part of the trial, the judge instructed the jury on the elevated counts of Level 5 felony battery and Level 6 felony invasion of privacy. The jury heard expert testimony from Jason Sumner, a fingerprint analysist for the IMPD. Sumner testified he administered a fingerprint test on Fidell earlier that afternoon ("trial fingerprint") and Fidell's trial fingerprint print matched Fidell's fingerprint from the day he was arrested

---

[5]Ind. Code § 35-42-2-1(b)(1) (2014).

[6]The court held a bifurcated trial so that the jury would not be told of Fidell's prior convictions of battery and invasion of privacy in Cause 28361 before it determined whether he committed battery and invasion of privacy at Circle Center Mall on February 15, 2016.

on August 11, 2015 in Cause 28361 ("Cause 28361 fingerprint"). Fidell's Cause 28361 fingerprint and trial fingerprint were submitted into evidence as Exhibits 7 and 8, respectively. After hearing this evidence, the jury further found Fidell guilty of Level 5 felony battery and Level 6 felony invasion of privacy. The court accepted the jury's verdicts and convicted Fidell of Level 5 felony battery and Level 6 felony invasion of privacy.

[8] The court held a sentencing hearing on May 31, 2016. The court found Fidell's "young" age of twenty-seven years to be a mitigating factor. (*Id.* at 120.) The court also found as a mitigating factor Fidell's "early childhood and upbringing" involving foster care, frequent moves and a father who was in prison since Fidell was very young. (*Id.*) The court found as an aggravating circumstance Fidell's lengthy criminal history including seventeen arrests, ten misdemeanor convictions, and two felony convictions. Additionally, the court noted the "violent" nature of the battery as an aggravator. (*Id.*) For the Level 5 felony battery conviction, the court sentenced Fidell to six years, with one year suspended to probation. The court also ordered Fidell, during probation, to complete a mental health evaluation and domestic violence counseling. For the Level 6 felony invasion of privacy conviction, the court sentenced Fidell to two years and ordered the sentence be served concurrent with the six-year sentence for battery. The court granted Fidell credit for 141 days served.

# Discussion and Decision

## I. Sufficiency of Evidence

[9] When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State*, 654 N.E.2d 736, 737 (Ind. 1995), *reh'g denied*. The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id*. We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference reasonably may be drawn from it to support the verdict. *Id*. at 147.

[10] To prove Fidell committed Level 5 felony battery, the State had to show: (1) Fidell knowingly or intentionally touched S.T. in a rude, insolent, or angry manner, and (2) Fidell was previously convicted of battery against S.T. *See* Ind. Code § 35-42-2-1(f)(4) (2014). Fidell argues the State failed to present sufficient evidence beyond a reasonable doubt that S.T. was the victim in Fidell's battery conviction[7] in Case 28361. We disagree.

---

[7]Fidell challenges only the "same victim" element required to be convicted of Level 5 felony battery under Ind. Code § 35-42-2-1(f)(4) (2014). Because the "same victim" element is not present in Ind. Code § 35-46-1-15.1 (2014), Fidell does not challenge the sufficiency of evidence pertaining to his conviction of Level 6 invasion of privacy.

[11] The jury heard testimony from Sumner, who testified the fingerprint of the person convicted in Cause 28361 was the same as Fidell's trial fingerprint. The jury also heard S.T.'s testimony that she and Fidell had been dating since February 2015 and that she had obtained a protective order from the court against Fidell in April 2015. The State presented the jury with the charging information, judgment of conviction, and sentencing order in Cause 28361. The charging information in Cause 28361 alleged Fidell "knowingly touch[ed] [S.T.]" in a rude, insolent, or angry manner and knowingly violated the protective order issued in Cause 509. (Ex. 6.) The jury had the opportunity to assess the testimony and evidence before it, and the jury found the State proved beyond a reasonable doubt that Fidell committed the battery against S.T. in Cause 28361. Fidell's argument is an invitation for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court will not reweigh evidence or judge the credibility of witnesses). Based on the record before us, we cannot say the evidence was insufficient for the jury to find Fidell had been convicted of battery against S.T. in Cause 28361, which supports the enhancement of his crime herein.

### *Inappropriate Sentence*

[12] Fidell also argues his aggregate six-year sentence is inappropriate. Under Indiana Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). Our review is deferential to

the trial court's decision, and our goal is to determine whether the defendant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006).

[13] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (2007). The statutory range for a Level 5 felony sentence is one to six years, with the advisory sentence being three years. Ind. Code § 35-50-2-6 (2014). The statutory range for a Level 6 felony sentence is six months to two-and-a-half years, with the advisory sentence being one year. Ind. Code § 35-50-2-7 (2014). One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*.

[14] We agree with the State that the nature of the offense here was more egregious than a typical battery. Fidell violated the protective order more than once and physically assaulted S.T. more than once at Circle Center Mall on February 15, 2016. When Fidell saw S.T. at the mall and called her names, he did not stay away from her as required by the no contact order. Instead, Fidell waited for S.T. in the food court. The confrontation in the food court led to Fidell chasing

S.T. through the mall and physically attacking her not once, but twice: first by the escalators, and then near Victoria's Secret. Fidell's acts were not the product of a momentary lapse of judgment. Rather, his acts were persistent, cruel, and violent. Based on the violent and relentless nature of Fidell's actions, the trial court was warranted in sentencing Fidell to more than the advisory three years.

[15] Regarding Fidell's character, the trial court acknowledged Fidell's young age and troubled childhood as mitigating circumstances. However, the trial court also noted Fidell's lengthy juvenile and adult criminal history, and Fidell's crimes against S.T. at the mall following a long series of other violent crimes Fidell committed against S.T. Indeed, Fidell's inability to leave S.T. alone, even in the presence of protective orders, reflects poorly on his character. Fidell has failed to show that the nature of the offense and his character render his six-year aggregate sentence inappropriate. *See Stephenson v. State*, 53 N.E.3d 557, 562 (Ind. Ct. App. 2016) (holding enhanced sentence not inappropriate where appellant had criminal history reflecting poorly on his character).

# Conclusion

[16] The State presented sufficient evidence Fidell committed Level 5 felony battery, and his sentence is not inappropriate based on his character or the nature of the crime. Accordingly, we affirm.

[17] Affirmed.

Najam, J., and Bailey, J., concur.