## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 27 2017, 8:45 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Pierre Burdette,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 27, 2017

Court of Appeals Case No.
02A04-1702-CR-384

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge

Trial Court Cause No.
02D05-1611-F6-1218

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Pierre D. Burdette (Burdette), appeals his sentence following his open guilty plea to interference with the reporting of a crime, a Class A misdemeanor, Ind. Code § 35-45-2-5(1); invasion of privacy, a Class A misdemeanor, I.C. § 35-46-1-15.1(2); and criminal mischief, a Class B misdemeanor, I.C. § 35-43-1-2(a).

We affirm.

# ISSUES

Burdette raises two issues on appeal, which we restate as follows:

(1) Whether the trial court abused its discretion by improperly considering an aggravating circumstance in sentencing Burdette; and

(2) Whether Burdette's sentence is inappropriate in light of the nature of the offense and character of the offender.

# FACTS AND PROCEDURAL HISTORY

On September 10, 2016, Burdette went to the home of his ex-girlfriend's mother in Fort Wayne, Allen County, Indiana, where the ex-girlfriend was present. At the time, Burdette's ex-girlfriend had an active protective order prohibiting Burdette from contacting her. Upon Burdette's arrival, Burdette's ex-girlfriend immediately called 9-1-1. As the ex-girlfriend was talking to a police dispatcher, Burdette snatched the phone from her hand and threw it on the ground, causing it to shatter. In the course of grabbing the phone away, Burdette scratched his ex-girlfriend behind the ear, and when she tried to

retrieve the phone from the ground, Burdette pushed her away. The former couple's shared children, a five-year-old and a one-year-old, witnessed the event. Burdette fled the scene before the police arrived.

On November 8, 2016, the State filed an Information, charging Burdette with Count I, domestic battery committed in the presence of a child, a Level 6 felony, I.C. § 35-42-2-1.3(a)(1),(b)(2); Count II, interference with the reporting of a crime, a Class A misdemeanor, I.C. § 35-45-2-5(1); Count III, invasion of privacy, a Class A misdemeanor, I.C. § 35-46-1-15.1(2); and Count IV, criminal mischief, a Class B misdemeanor, I.C. § 35-43-1-2(a). On January 17, 2017, after a jury was sworn in for the scheduled jury trial, Burdette pled guilty to the misdemeanor charges, Counts II, III, and IV. In exchange, the Level 6 felony was dismissed. On February 16, 2017, the trial court held a sentencing hearing and sentenced Burdette to concurrent terms of one year, one year, and 180 days, respectively, for Counts II, III, and IV. The trial court ordered the aggregate one-year sentence to be fully executed in the Indiana Department of Correction.

Burdette now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Abuse of Sentencing Discretion*

Burdette claims that the trial court abused its discretion by improperly considering an aggravating factor in formulating his sentence. "[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on

appeal only for an abuse of discretion." *Gleason v. State*, 965 N.E.2d 702, 710 (Ind. Ct. App. 2012) (citing *Anglemyer v. State*, 868 N.E.2d 482, 490, *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). It is an abuse of discretion "if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *Anglemyer*, 868 N.E.2d at 490).

[8] "A person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year," and "[a] person who commits a Class B misdemeanor shall be imprisoned for a fixed term of not more than one hundred eighty (180) days." I.C. §§ 35-50-3-2, -3. Here, the trial court imposed the maximum sentence for each of Burdette's two Class A misdemeanors and his Class B misdemeanor. However, the trial court ordered concurrent sentences, thereby resulting in an aggregate one-year sentence. In imposing the sentence, the trial court stated,

> I'm going to take the facts and circumstances in this case as aggravating. I find it highly aggravating that you knew there was a no contact order in place, and you proceeded to go over and directly violate that no contact order showing disdain for the court as well as not being able to follow my court orders. I find that aggravating. I also find aggravating that you were on probation when you committed this offense. You were on probation for a criminal offense. When you—your original case, the case that you were on probation for[,] you were given two years and a suspended sentenced. You've been given the opportunity to have a suspended sentence, and that was two years, and you decided to violate that.

(Tr. Vol. II, p. 29). In addition, the trial court identified as a mitigating circumstance that Burdette took responsibility for his actions by pleading guilty.

[9] On appeal, Burdette claims that it was an abuse of discretion for the trial court to consider the facts and circumstances of the case as an aggravating circumstance. While Burdette acknowledges that our courts have previously determined that the nature and circumstances of an offense may be a valid aggravator, Burdette contends that the trial court failed to detail why the particular circumstances of his crimes warranted an enhanced sentence. Because the trial court did not describe "something beyond the elements of the crimes [as] aggravating," Burdette maintains that it was an abuse of discretion to impose the maximum sentence. (Appellant's Br. p. 11).

[10] It is well established that, with respect to sentencing, a trial court may abuse its discretion by "(1) issuing an inadequate sentencing statement, (2) finding aggravating or mitigating factors that are not supported by the record, (3) omitting factors that are clearly supported by the record and advanced for consideration, (4) or by finding factors that are improper as a matter of law." *Gleason*, 965 N.E.2d at 710. If a trial court includes a finding of aggravating or mitigating circumstances in its sentencing statement, "it must identify all of the significant circumstances and 'explain why each circumstance has been determined to be aggravating or mitigating.'" *Id.* (quoting *Anglemyer*, 868 N.E.2d at 490). However, the trial court's duty to issue a statement with "a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence" is limited to sentences imposed for *felony* offenses. *Id.* The

sentencing statutes for Class A and B misdemeanors do "not provide a presumptive or advisory sentence, but rather a maximum allowable sentence." *Stephenson v. State*, 53 N.E.3d 557, 561 (Ind. Ct. App. 2016). Thus, "the trial court was not required to articulate and balance aggravating and mitigating circumstances before imposing sentence on the misdemeanor conviction[s]. Nor was the trial court required to issue a sentencing statement with the misdemeanor conviction[s]." *Id.* (citation omitted). Accordingly, Burdette's abuse of sentencing discretion claim has no merit.

## II. *Inappropriate Sentence*

[11] Although the trial court imposed a sentence that is statutorily permissible, Burdette seeks a downward revision of his sentence pursuant to our court's authority under Indiana Appellate Rule 7(B). "'[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference.'" *Parks v. State*, 22 N.E.3d 552, 555 (Ind. 2014) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008)). Yet, we may revise a sentence if, "after due consideration of the trial court's decision, [we] find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

[12] Appellate Rule 7(B) provides for sentence review in an "attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. Although "reasonable minds may differ on the appropriateness of a sentence," ultimately,

"whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and [a] myriad [of] other factors that come to light in a given case." *Parks*, 22 N.E.3d at 555 (internal quotation marks omitted); *Cardwell*, 895 N.E.2d at 1224. Our court focuses on "the length of the aggregate sentence and how it is to be served." *Cardwell*, 895 N.E.2d at 1224. Burdette bears the burden of persuading this court that his sentence is inappropriate. *Corbally v. State*, 5 N.E.3d 463, 471 (Ind. Ct. App. 2014). Here, Burdette requests that we revise his sentence to either one year fully suspended or one year on home detention.

[13] Regarding the nature of the offense, Burdette contends that there is nothing particularly egregious about his crime to warrant a fully executed one-year sentence. Burdette admitted that he violated a protective order by driving to a home where his ex-girlfriend was present. When the ex-girlfriend attempted to report Burdette's violation to the police, he slapped her cellphone out of her hands, causing it to shatter when it hit the ground. In doing so, Burdette also scratched his ex-girlfriend. Thereafter, he pushed her away when she tried to pick up her phone. All of this was done in the presence of their young children. Burdette argues that his "motive for going to the residence was to see his children," which "surely cannot" support a maximum sentence. (Appellant's Br. p. 13). Yet, Burdette fails to acknowledge the impact that his actions had on his children. According to the probable cause affidavit, the former couple's five-year-old child told the investigating police officer "that he felt

'[u]ncomfortable' when he saw 'Daddy jumping on Mommy.'" (Appellant's App. Vol. II, p. 27). Furthermore, despite pleading guilty to the three charged misdemeanor offenses, Burdette indicated that his ex-girlfriend "provoke[d]" the incident by "keeping [him] from [his] children." (Tr. Vol. II, p. 27). We are unpersuaded by Burdette's attempts to justify his conduct.

[14] In addition, nothing with respect to Burdette's character warrants a reduced sentence. Namely, Burdette's criminal history establishes his repeated disregard for the laws and courts of this state. At the time Burdette committed the present offenses, he was on probation for a Level 6 felony for resisting law enforcement. Significantly, within the first month of being placed on probation for that offense, Burdette committed another Level 6 felony resisting law enforcement, as well as Class A misdemeanor driving while suspended and Class B misdemeanor reckless driving. He also absconded from supervised probation at one point. As a result, Burdette's sentence was modified to one year of home detention, followed by one year of probation. Although he successfully completed his home detention, Burdette's subsequent refusal to lead a law-abiding life ultimately led to the present conviction and the revocation of his probation. Because it is clear that lenient sentences and alternative placements have failed to rehabilitate Burdette in the past, an executed sentence is now necessary for Burdette to comprehend the ramifications of his criminal behavior. Burdette cites his "terrible upbringing," the fact "that he nonetheless learned a trade due to sheer willpower," and the hardship that incarceration will cause his dependents as factors meriting sentence revision. (Appellant's Br.

p. 14). We, however, find that Burdette's criminal proclivity overshadows the positive choices he made following a rough childhood. Also, the fact that Burdette's children witnessed his physical aggression against their mother hardly speaks positively for his character.

[15] We further note that it is not the term of his sentence that Burdette specifically challenges; rather, it is the fact that the trial court ordered an executed sentence as opposed to a suspended sentence or home detention. As the State points out, Burdette has failed to meet his burden of establishing that his placement is inappropriate because Burdette refused to cooperate with the presentence investigation and screening process for alternative sentencing placement. *See King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) ("A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate. As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities." (citation omitted)). Accordingly, we cannot say that Burdette's executed sentence is inappropriate in light of the nature of the offense and his character.

## CONCLUSION

[16] Based on the foregoing, we conclude that the trial court did not abuse its sentencing discretion because it has no obligation to consider aggravating or mitigating circumstances when imposing a sentence for misdemeanor crimes. We further conclude that Burdette's sentence is not inappropriate in light of the nature of the offense and his character.

[17] Affirmed.

[18] Najam, J. and Bradford, J. concur