## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 15 2017, 7:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. Elkin
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William Epperly,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 15, 2017

Court of Appeals Case No.
34A05-1704-CR-812

Appeal from the Howard Superior Court

The Honorable Douglas A. Tate, Judge

Trial Court Cause No.
34D03-1601-CM-61

**Pyle, Judge.**

# Statement of the Case

William Epperly ("Epperly") appeals his sentence, following his guilty plea to Class A misdemeanor operating a vehicle while intoxicated and endangering a person[1] and Class A misdemeanor leaving the scene of an accident with bodily injury.[2] The trial court imposed a one-year sentence for each conviction and ultimately ordered them to be served concurrently to each other. Epperly argues that: (1) the trial court abused its discretion by failing to identify and weigh aggravating and mitigating circumstances and by ordering him to serve his two sentences consecutively; and that (2) his aggregate one-year sentence is "manifestly unreasonable."

We conclude that the trial court did not abuse its discretion because it was not required to articulate and balance aggravating and mitigating circumstances when imposing a sentence on a misdemeanor conviction. Furthermore, the trial court did not impose consecutive sentences; thus, Epperly's argument that it abused its discretion by ordering consecutive sentences is without merit. Epperly's last argument, which we restate as whether his sentence is inappropriate, is waived based on Epperly's lack of cogent argument. Waiver notwithstanding, Epperly's sentence is not inappropriate.

We affirm.

---

[1] IND. CODE § 9-30-5-2(b).

[2] I.C. § 9-26-1-1.1.

# Issues

1. Whether the trial court abused its discretion when sentencing Epperly.

2. Whether Epperly's sentence is inappropriate.

## Facts[3]

In January 2016, Epperly, who had been drinking vodka, drove his truck into a car driven by Erin Wetzold ("Wetzold"), injuring her. Epperly left his truck on the street and fled the scene on foot. Wetzold and another witness saw Epperly walk into a nearby mobile home park. When the police arrived on the scene, one of the officers found an empty bottle of vodka on the floor board of Epperly's truck. Another officer went to the mobile home park and found Epperly, who smelled of alcohol and refused to take a portable breath test and a chemical test. Epperly threatened officers as they handcuffed him. The officers took Epperly back to the scene of the collision, and the witness positively identified him. As the police transported Epperly to the hospital to have a blood draw, he urinated on himself. Once at the hospital, Epperly resisted having the blood draw, and the officers had to physically restrain him.

Thereafter, the State charged Epperly with Count I, Class A misdemeanor operating a vehicle while intoxicated; Count II, Class A misdemeanor resisting

---

[3] The record on appeal does not contain a copy of Epperly's guilty plea transcript. Therefore, the facts regarding Epperly's crimes are taken from the probable cause affidavit. The chronological case summary reveals that, during his guilty plea hearing, Epperly stipulated that the probable cause affidavit applied to the charges to which he was pleading guilty.

law enforcement; Count III, Class A misdemeanor leaving the scene of an accident with bodily injury; Count IV, Class A infraction operating a motor vehicle without financial responsibility; and Count V, habitual substance offender.

[6]     In February 2017, Epperly pled guilty to Class A misdemeanor operating a vehicle while intoxicated and endangering a person and Class A misdemeanor leaving the scene of an accident with bodily injury, and he admitted that he had committed the Class A infraction operating a motor vehicle without financial responsibility.[4]

[7]     At Epperly's sentencing hearing, the State read into evidence Wetzold's victim-impact statement. In this statement, Wetzold asserted that Epperly had totaled her car, caused her to have "excruciating" pain, and left her with "lifelong injuries[,]" including "nerve pain and horrible back pain." (Tr. Vol. 2 at 6). The State argued that Epperly should be sentenced to the maximum time allowable based on Epperly having four prior OWIs and having a blood alcohol content of .17 at the time of his offenses. The trial court imposed one (1) year sentences for each of Epperly's Class A misdemeanor convictions (Counts I and III) and ordered them to be served consecutively at the county jail. However, the trial court later amended its sentencing order "to show that Counts I and III

[4] Prior to Epperly's guilty plea, the State dismissed the Class A misdemeanor resisting law enforcement charge, and it dismissed the habitual substance offender allegation when Epperly pled guilty to the remaining charges.

are to run concurrently." (App. Vol. 2 at 10). The trial court also imposed a fine for Epperly's infraction and suspended his driver's license for one year. Epperly now appeals.

# Decision

On appeal, Epperly contends that: (1) the trial court abused its discretion when sentencing him; and (2) his sentence is inappropriate. We will review each argument in turn.

## 1. Abuse of Discretion

Epperly contends that the trial court abused its discretion by failing to identify and weigh aggravating and mitigating circumstances and by imposing consecutive sentences on his two misdemeanor convictions.

As for Epperly's argument regarding aggravating and mitigating circumstances, our Court has repeatedly explained that a trial court is not required to identify and weigh aggravating and mitigating circumstances when imposing a sentence for misdemeanor convictions. *See Stephenson v. State*, 53 N.E.3d 557, 561 (Ind. Ct. App. 2016) (citing *Creekmore v. State*, 853 N.E.2d 523, 527 (Ind. Ct. App. 2006), *clarified on reh'g*) (explaining that a trial court is not required to identify and weigh aggravating and mitigating circumstances when imposing a sentence for a misdemeanor conviction because misdemeanor sentencing statutes do not provide for an advisory sentence but, instead, provide for a maximum allowable sentence). Therefore, Epperly's argument is without merit. *See, e.g.*, *Stephenson*, 53 N.E.3d at 561.

[11] Equally without merit is Epperly's consecutive sentencing argument. Here, the trial court initially ordered Epperly's sentences to be served consecutively. However, as noted by Epperly in his statement of facts, the trial court thereafter amended its sentencing order and clarified that the sentences would be served concurrently. Thus, Epperly's argument is without merit.

## 2. Inappropriate Sentence

[12] Epperly argues that his sentences for his Class A misdemeanor operating a vehicle while intoxicated and endangering a person and his Class A misdemeanor leaving the scene of an accident with bodily injury convictions are "manifestly unreasonable." (Epperly's Br. 8, 12).

[13] We note that the "manifestly unreasonable" standard has been obsolete since 2001. *See Marcus v. State*, 27 N.E.3d 1134, 1135 (Ind. Ct. App. 2015). Thus, we restate the issue as whether Epperly's sentence is inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether

the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*.

Here, Epperly was convicted of two Class A misdemeanors. The sentencing statute for Class A misdemeanors provides that "[a] person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year[.]" I.C. § 35-50-3-2. The trial court imposed concurrent sentences of one (1) year executed in the county jail for each of Epperly's Class A misdemeanor convictions. Thus, the trial court imposed an aggregate one-year sentence.

Epperly fails to address how the nature of his offenses and his character render his sentence inappropriate.[5] Because he has failed to provide relevant, cogent argument, we conclude that he has waived this sentencing challenge. *See* Ind. Appellate Rule 46(A)(8)(a) (requiring an appellant to support an argument with cogent argument). *See also Foutch v. State*, 53 N.E.3d 577, 580 n.1 (Ind. Ct. App. 2016) (waiving a defendant's sentencing argument where he failed to provide a cogent argument).

Waiver notwithstanding, Epperly's sentence is not inappropriate. The nature of Epperly's offenses involved him driving while drunk, running his truck into Wetzold's car and injuring her, and then fleeing the scene of the accident on

---

[5] Epperly merely argues that the trial court should have found certain mitigating circumstances. However, as noted above, the trial court was not required to identify and weigh aggravating and mitigating circumstances when imposing a sentence for misdemeanor convictions. *See Stephenson*, 53 N.E.3d at 561.

foot.  Once the police apprehended and arrested Epperly, he threatened the officers and refused to take a portable breath test and a chemical test.  Epperly's aggressive actions continued at the hospital where the police took him for a blood draw.  The officers had to physically restrain him in order to get the blood draw, which, according to the State's sentencing argument, revealed that Epperly had a blood alcohol content of .17.

[17]   Turning to Epperly's character, we note that Epperly concedes that his "criminal history is extensive."  (Epperly's Br. 7).  Epperly, who was fifty-nine years old at the time of sentencing, has a criminal history that spans from 1980 to his present offenses and includes time served in Indiana Department of Correction.  At the time of his current offenses, he was on probation from convictions in three separate causes for the following offenses:  (1) Level 6 felony operating a vehicle after being an habitual traffic offender; (2) Level 6 felony criminal reckless committed with a deadly weapon and Class B misdemeanor public intoxication endangering the person's life; and (3) Level 6 felony residential entry.  Additionally, Epperly has multiple alcohol-related convictions, including public intoxication and operating a vehicle while intoxicated.  Epperly's character reveals a disregard for the law and the authority of the courts.

[18]   Epperly has not persuaded us that his aggregate one-year executed sentence is inappropriate.  Therefore, we affirm the sentence imposed by the trial court.

Affirmed.

Riley, J., and Robb, J., concur.