## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 12 2018, 6:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Angela N. Sanchez
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John T. Pitcher,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 12, 2018

Court of Appeals Case No.
18A-CR-791

Appeal from the Dearborn
Superior Court

The Honorable Sally A.
McLaughlin, Judge

Trial Court Cause No.
15D02-1611-F4-48

**Robb, Judge.**

# Case Summary and Issues

[1] John Pitcher pleaded guilty to one count of carrying a handgun without a license by a convicted felon, a Level 5 felony, and the State dismissed seven other charges. Sentencing was left to the discretion of the trial court, which sentenced Pitcher to six years in the Indiana Department of Correction. Pitcher appeals his sentence, raising one issue for our review: whether his sentence is inappropriate in light of the nature of the offense and his character. Concluding that his sentence is not inappropriate in light of the nature of the offense and his character, we affirm.

# Facts and Procedural History

[2] On November 11, 2016, Captain Brian Miller of the Lawrenceburg Police Department was dispatched to a local hotel in which a housekeeper reported finding drug paraphernalia and a gun in an unoccupied room. Captain Miller observed syringes, a burnt pipe with residue, empty plastic bags, electronic scales, cotton swabs, a cigarette containing a green leafy substance he believed to be marijuana, a rock-like substance he believed to be methamphetamine, and a revolver. He also found credit and debit cards belonging to Pitcher's co-defendant and Pitcher's casino card. Captain Miller confirmed with the hotel that Pitcher and his co-defendant were the last occupants of the room and observed video surveillance of the two entering the room. The State charged Pitcher with the following: Count I, possession of methamphetamine, a Level 6 felony; Count II, possession of marijuana, a Class A misdemeanor; Count III,

possession of paraphernalia with a prior, a Class A misdemeanor; Count IV, possession of paraphernalia, a Class C misdemeanor; Count V, possession of a syringe, a Level 6 felony; Count VI, maintaining a common nuisance, a Level 6 felony; and Count VII, possession of a firearm by a serious violent felon, a Level 4 felony. In February of 2018, the State amended the charges by adding Count VIII, carrying a handgun without a license by a convicted felon, a Level 5 felony.

[3]     As part of a plea agreement, Pitcher agreed to plead guilty to Count VIII, and the State agreed to dismiss the remaining counts. Sentencing was left to the trial court's discretion. The trial court found no mitigating circumstances. As for aggravating circumstances, the trial court noted Pitcher's criminal history consists of several prior felony and misdemeanor convictions, including firearm and drug offenses. The trial court classified Pitcher as a "multi-state offender" as he has convictions in Indiana, Texas, Kentucky, and Georgia. Transcript, Volume I at 22. The trial court also noted Pitcher had an active felony warrant for burglary of a habitat in Texas at the time of sentencing. Given Pitcher's criminal history, his failure to respond to lawful detention, the trial court's concern for community safety, and the absence of mitigating circumstances, the trial court sentenced Pitcher to six years in the Department of Correction.

# Discussion and Decision

## I. Standard of Review

[4] Pitcher argues that his sentence is inappropriate in light of the nature of the offense and his character because his offense and character "do not warrant the maximum sentence." Appellant's Brief at 8. Indiana Rule of Appellate Procedure 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading this court that his or her sentence is inappropriate under the standard. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

## II. Inappropriate Sentence

[5] Sentencing is considered a discretionary function of the trial court and is entitled to considerable deference. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). Upon review, our principal role is to "attempt to leaven the outliers . . . but not to achieve a perceived 'correct' result in each case." *Id*. at 1225. Whether a defendant's sentence is inappropriate is grounded in "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id*. at 1224. We evaluate the trial court's recognition or non-recognition of mitigators and aggravators to guide our determination. *Stephenson v. State*, 53 N.E.3d 557, 561 (Ind. Ct. App. 2016).

[6] Pitcher pleaded guilty to a Level 5 felony, the sentence for which is a "fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6(b). The advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. Pitcher received the maximum sentence allowed by statute.

[7] To determine the nature of the offense, we examine the details and circumstances surrounding the offense. *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. Pitcher argues there is nothing so egregious about his offense that distinguishes it from the typical offense considered by the legislature in setting the advisory sentence. He contends that maximum sentences should be reserved for the worst offenses and although he acknowledges he possessed a firearm in the hotel, he contends there was no evidence that it was loaded, that he took it into the casino, pulled it out and waved it, or that he intended to use it. He argues that there are no facts to suggest that his possession of the firearm is more egregious than any other possession of a firearm by a felon case and "[a]t most, the nature of [his] offense warrants an advisory sentence[.]" Appellant's Br. at 11. However, as noted by the State, Captain Miller discovered the firearm in a hotel room with evidence suggesting that Pitcher was dealing methamphetamine. The trial court found Pitcher's possession of drug paraphernalia and a firearm "an additional concern for community safety and an aggravating circumstance" to merit a deviation

from the advisory sentence. Appendix of Appellant, Volume Two at 48. The nature of the offense does not render Pitcher's sentence inappropriate.

[8] A defendant's life and conduct are illustrative of his or her character. *Washington*, 940 N.E.2d at 1222. As to Pitcher's character, he argues that as a high school and college graduate who had been employed for sixteen years, he is a "contributing member of society." Appellant's Br. at 12. Although the attributes Pitcher cites are favorable, one factor in determining a defendant's character is his or her criminal history, the significance of which "varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). "Even a minor criminal record reflects poorly on a defendant's character." *Reis v. State*, 88 N.E.3d 1099, 1105 (Ind. Ct. App. 2017).

[9] Pitcher has felony and misdemeanor convictions in various states for possession of methamphetamine with the intent to distribute, possession of a firearm during the commission of a felony, theft, possession of a handgun without a license, operating a motor vehicle with a Schedule I or II controlled substance in his body, possession of marijuana, and battery resulting in bodily injury. The number and nature of Pitcher's prior convictions are significant in relation to his current offense. In addition, he also had an active felony warrant for burglary of a habitat in Texas, a pending charge for making terroristic threats in Texas, and a pending probation violation in Georgia at the time he was sentenced for the instant offense. The trial court's sentencing order acknowledged Pitcher's criminal history and found that the community's safety

would be best served by his incarceration because despite prior lawful detention, he continues to commit serious crimes.

[10] Pitcher also argues that his guilty plea reflects well on his character because it alleviated the need for a trial, saving the court and the State time and money and demonstrating he accepted responsibility for his actions. However, the State refutes this contention by arguing that it rendered a "significant benefit" to Pitcher when it dismissed the Level 4 felony possession of a firearm charge in exchange for Pitcher's guilty plea to a lower charge, a Level 5 felony. Tr., Vol. I at 17. The State argues that had Pitcher been found guilty of all charges at a trial, he would have faced a much higher maximum possible sentence and possibly been ordered to serve his sentences consecutively.[1] Although Pitcher's guilty plea did alleviate the need for a trial, his decision to plead guilty was a practical one when considering the evidence, the numerous charges against him, and the sentencing exposure he faced. Because Pitcher received a "substantial benefit" in pleading guilty, we agree that his plea does not make his maximum sentence inappropriate. *Anglemyer v. State*, 875 N.E.2d 218, 221 (Ind. 2007) (holding that the defendant's guilty plea, which reduced a potential

---

[1] The State argued that had Pitcher been found guilty of all charges, he could have faced a maximum possible sentence of fourteen and one half years and points out that "the trial court could have ordered the sentences for all other charges that Pitcher potentially could have been convicted of to be served consecutively to this conviction[,]" as the Level 4 felony constituted a crime of violence. Brief of Appellee at 11 (citing Ind. Code § 35-50-1-2).

maximum sentence of twenty-eight years by twelve years, "alone was a substantial benefit").

# Conclusion

[11] For the foregoing reasons, we conclude that Pitcher's sentence is not inappropriate in light of the nature of the offense and character of the offender.

[12] Affirmed.

Baker, J., and May, J., concur.