## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 09 2018, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Laura Sorge Fattouch
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael I. Keihn, Jr., *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | November 9, 2018 <br><br> Court of Appeals Case No. 18A-CR-118 <br><br> Appeal from the Decatur Superior Court <br><br> The Honorable Matthew D. Bailey, Judge <br><br> Trial Court Cause No. 16D01-1512-F4-768 |

**Robb, Judge.**

# Case Summary and Issue

[1] Michael Keihn pleaded guilty to contributing to the delinquency of a minor, a Level 5 felony, and obstruction of justice, a Level 6 felony. The trial court sentenced him to 2,160 days in the Indiana Department of Correction with 180 days suspended to probation for the Level 5 felony conviction and to a concurrent term of 900 days for the Level 6 felony. Keihn now appeals his sentence, contending it is inappropriate in light of the nature of his offenses and his character. Concluding the sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] In the summer of 2015, fourteen-year-old H.M. ran away from home and began living with Keihn, a longtime friend of her father's. During H.M.'s time with Keihn, they engaged in sexual intercourse two times. Keihn also provided H.M. with methamphetamine on more than one occasion. When the situation was discovered and Keihn was arrested in late 2015, he reached out to H.M. to encourage her to lie because he wanted out of jail. By doing so, he also violated a no contact order. The State charged Keihn with sexual misconduct with a minor, a Level 4 felony; obstruction of justice, a Level 6 felony; invasion of privacy, a Class A misdemeanor; and two habitual offender enhancements.

[3] In the fall of 2017, Keihn entered into a plea agreement pursuant to which the State amended the sexual misconduct charge to a charge of contributing to the delinquency of a minor, a Level 5 felony. Keihn pleaded guilty to that charge

and obstruction of justice, a Level 6 felony, and the State dismissed the invasion of privacy count and the habitual offender enhancements. The trial court found three mitigating factors: 1) Keihn entered a guilty plea; 2) he has a history of substance abuse; and 3) he testified that long-term incarceration would be an undue hardship on his family. However, the trial court concluded that none of these mitigators were significant enough to warrant a mitigated sentence. The trial court identified two aggravating factors that it considered significant: 1) Keihn has a significant criminal history; and 2) he was on probation at the time he committed the instant offenses. Concluding the aggravating factors outweighed the mitigating factors, the trial court ordered Keihn to serve an aggregate sentence of 2,160 days with 180 days suspended to probation. Additional facts will be provided as necessary.

# Discussion and Decision

## I. Standard of Review

[4] Keihn contends his sentence is inappropriate, specifically arguing that the nature and circumstances of his crime and his criminal history do not warrant an enhancement to the near-maximum sentence allowed by statute. Keihn pleaded guilty to a Level 5 felony,[1] the sentence for which is a "fixed term of

---

[1] Because Keihn's two sentences were ordered to be served concurrently, we address only the longest sentence. *See Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008) (noting we "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count").

between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6(b). The advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006). Keihn received a sentence one month short of a maximum sentence.[2]

Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We evaluate the trial court's recognition or non-recognition of mitigators and aggravators to guide our determination. *Stephenson v. State*, 53 N.E.3d 557, 561 (Ind. Ct. App. 2016). Upon review, our principal role is to "attempt to leaven the outliers . . . but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a defendant's sentence is inappropriate is grounded in "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224. The defendant bears the burden of persuading this court that his or her sentence is inappropriate under the standard. *Childress*, 848 N.E.2d at 1080.

---

[2] Six years from Keihn's sentencing date would be December 15, 2023. His sentence of 2,160 days equates to an out date of November 14, 2023.

# II. Inappropriate Sentence

To determine the nature of the offense, we examine the details and circumstances surrounding the offense. *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. As Keihn notes, neither of the aggravating factors identified by the trial court concerned the specific nature and circumstances of the crime. Nonetheless, we may look to any factors appearing in the record in conducting 7(B) review. *Reis v. State*, 88 N.E.3d 1099, 1102 (Ind. Ct. App. 2017). Keihn pleaded guilty to the offense of contributing to the delinquency of a minor for providing methamphetamine to H.M. He also pleaded guilty to invasion of privacy for violating a no contact order in H.M.'s favor. It appears from the record that H.M. is a troubled child, having run away on multiple occasions and having numerous encounters with police. Keihn acknowledged that H.M. was roughly the same age as his three daughters and that he was in a position as a friend of the family to help take care of H.M. after she ran away from her own parents. Yet, he failed to do so, instead providing methamphetamine to and having sexual intercourse with a fourteen-year-old girl. H.M. told police she saw Keihn as a friend but thought he had come to see her as a girlfriend and was trying to control her. Indeed, Keihn reached out to H.M. in violation of a no contact order to encourage her to lie about their activities so he could get out of jail. Nothing about the nature and circumstances of this crime leads us to the conclusion that Keihn's sentence is inappropriate.

[7]     A defendant's life and conduct are illustrative of his or her character. *Washington*, 940 N.E.2d at 1222. As to Keihn's character, he acknowledges his lengthy criminal history, but asserts that many of his crimes have been substance-abuse related and he expressed his desire for rehabilitation when pleading guilty. As the trial court did, we note Keihn did plead guilty. However, his plea came nearly two years after he was first charged, and he drastically reduced his sentencing exposure by pleading guilty to a Level 5 felony rather than a Level 4 felony with the possibility of an habitual offender enhancement. Keihn's criminal history consists of at least eighteen prior criminal convictions and at least eleven petitions to revoke probation. He was incarcerated from 2008 to 2012 for Class A felony dealing in methamphetamine and was still serving probation in that case at the time he committed these offenses. He also committed another offense while these charges were pending. Most of Keihn's criminal convictions have stemmed from drugs, including the most serious offense he pleaded guilty to here. *See Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013) (noting the significance of a criminal history "varies based on the gravity, nature, and number of prior offenses in relation to the current offense"). Although Keihn has completed numerous drug awareness and rehabilitative programs while incarcerated, he acknowledges that he is a drug addict and it does not appear that he has sought any drug treatment on his own when out of prison, as he relapsed once released. Keihn did seem to offer a genuine apology to H.M., but he also acknowledged the damage he had done, stating at his sentencing hearing, "I can't believe myself what I've done to this young girl." Transcript of Evidence, Volume 2 at 22. As

with the nature of the offenses, nothing about Keihn's character leads us to the conclusion that his sentence is inappropriate.

# Conclusion

[8] For the foregoing reasons, we conclude that Keihn's sentence is not inappropriate in light of the nature of his offenses and his character. His sentence is therefore affirmed.

[9] Affirmed.

Baker, J., and May, J., concur.