

FILED

Dec 11 2017, 9:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William W. Gooden
Mt. Vernon, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jonathon D. Reis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 11, 2017

Court of Appeals Case No.
65A01-1707-CR-1563

Appeal from the Posey Superior Court

The Honorable S. Brent Almon, Judge

Trial Court Cause No.
65D01-1702-F5-86

**Robb, Judge.**

# Case Summary and Issue

[1] Following a guilty plea, Jonathon Reis was convicted of operating a motor vehicle while privileges are forfeited for life, a Level 5 felony, and operating a vehicle while intoxicated endangering a person, a Class A misdemeanor. Reis was sentenced to a term of five years for the Level 5 felony to be executed at the Indiana Department of Correction and a consecutive term of one year for the Class A misdemeanor to be served in a community corrections program. He now appeals, raising for our review the sole issue of whether his sentence is inappropriate in light of his character and the nature of his offense. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] Early in the morning on February 19, 2017, police officers found a white Chevrolet SUV on Highway 62 in Posey County. The SUV was running, in drive, and facing south blocking both westbound lanes of traffic. Officers attempted to wake the driver, later identified as Reis, to no avail. Reis lifted his foot off the brake and the vehicle rolled into a guardrail. Once the vehicle came to a stop, officers unlocked the vehicle, shut it off, and again attempted to wake Reis. While doing so, officers observed a nearly empty bottle of vodka on the passenger floorboard. When officers were finally able to wake Reis, they removed him from the vehicle. Reis's balance was "very unsteady," he smelled of alcoholic beverages, and he repeatedly replied, "mother fu****" to officers' questions. Appellant's Appendix, Volume II at 13.

[3] Officers learned Reis's driver's license was suspended for life as an habitual traffic offender and he was administered a portable breath test, which revealed a blood alcohol content ("BAC") of .21. Reis acknowledged his license was suspended and when asked why he was an habitual traffic offender he responded, "same sh**." *Id.* At the jail, Reis refused to take the breathalyzer but agreed to another portable breath test, which again revealed a BAC of .21. Reis stated that he wished he was still in the beer phase of his life but he drank vodka.

[4] The State charged Reis with operating a motor vehicle while privileges are forfeited for life, a Level 5 felony, and operating a vehicle while intoxicated endangering a person, a Class A misdemeanor. Reis pleaded guilty as charged.

[5] At sentencing, the trial court placed a "great deal of weight" on the defendant's prior criminal record which includes seventeen prior convictions. Transcript, Volume 2 at 31. The trial court also noted Reis's "terrible alcohol problem" and that the circumstances of his offenses were "egregious" before sentencing Reis to five years in the Indiana Department of Correction and one year in a community corrections program. *Id.* at 32-33. Reis now appeals his sentence.

# Discussion and Decision

## I. Standard of Review

[6] We may review and revise criminal sentences pursuant to the authority derived from Article 7, Section 6 of the Indiana Constitution. Indiana Appellate Rule

7(B) empowers us to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Because a trial court's judgment "should receive considerable deference[,]" our principal role is to "leaven the outliers." *Caldwell v. State*, 895 N.E.2d 1219, 1222-25 (Ind. 2008). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The defendant bears the burden to persuade this court that his or her sentence is inappropriate, *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006), and we may look to any factors appearing in the record for such a determination, *Stokes v. State*, 947 N.E.2d 1033, 1038 (Ind. Ct. App. 2011), *trans. denied*.

## II. Inappropriate Sentence

### A. Indiana Appellate Rule 7(B)

Reis argues his sentence is inappropriate in light of his character. Regarding the nature of the offense Reis concedes, "The trial court correctly found that the nature of the offense in this case was egregious. The defendant agrees with that assessment." Brief of Appellant at 11. The State argues that because Reis does not put forth an argument regarding the nature of the offense, he therefore waives review of the inappropriateness of his sentence, relying upon the recent

decision from a panel of this court in *Sanders v. State*, 71 N.E.3d 839 (Ind. Ct. App. 2017), *trans. denied.* There, the court explained:

> Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is "inappropriate in light of the nature of the offense *and* the character of the offender." Ind. Appellate Rule 7(B) (emphasis added). That language is clear: Rule 7(B) plainly requires, as this court has long acknowledged, "the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of the offenses and his character." *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008)[.] Because [defendant] has failed to present any authority or analysis on the issue of the nature of his offenses, he has waived our review of the inappropriateness of his sentence.

*Id.* at 843-44 (some citations omitted).

[8]     However, our jurisprudence on this issue is far from settled and we respectfully disagree with *Sanders'* interpretation of Rule 7(B). Just one year ago, faced with a similar waiver argument in *Connor v. State*, 58 N.E.3d 215 (Ind. Ct. App. 2016), we wrote:

> In fact, our courts have frequently treated the two prongs as separate inquiries to ultimately be balanced in determining whether a sentence is inappropriate. *See, e.g., Eckelbarger v. State,* 51 N.E.3d 169, 170-71 (Ind. 2016) (revising defendant's sentence from thirty-two years to sixteen years upon finding the nature of his offenses—drug offenses facilitated by a State informant—did not warrant consecutive sentences, without also discussing whether his character warranted revision); *Isom v. State,* 31 N.E.3d 469, 494 (Ind. 2015) (noting "[t]he character of the offender, rather than the nature of the offense, presents [defendant's] strongest support for revision[,]" but ultimately

declining to revise the sentence because the nature of the offenses "far outweigh his otherwise favorable character"), *cert. denied,* ——— U.S. ———, 136 S.Ct. 1161, 194 L.Ed.2d 175 (2016); *Rice v. State,* 6 N.E.3d 940, 947 (Ind. 2014) (stating, in declining to revise defendant's sentence, "[w]e are thus not convinced that *either* the nature of the offense *or* the character of the offender warrants a revision") (emphasis added); *Cardwell,* 895 N.E.2d at 1226 (revising defendant's sentence without considering the nature of the defendant's character because "the record contains a number of inconclusive factors on which the trial court made no findings"); *Schaaf v. State,* 54 N.E.3d 1041, 1044 (Ind. Ct. App. 2016) (revising a sentence upon finding that although the defendant's criminal history was significant and would make a below-advisory sentence too lenient, the nature of his "relatively minor" offenses rendered his above-advisory sentences too harsh); *Norris v. State,* 27 N.E.3d 333, 336 (Ind. Ct. App. 2015) (acknowledging defendant's criminal history but revising sentence as inappropriate due to "the relatively innocuous nature of this offense"); *Williams v. State,* 891 N.E.2d 621, 633–35 (Ind. Ct. App. 2008) (revising defendant's sentence on the basis of the nature of his offense even though defendant did not make an argument regarding his sentence in light of his character); *Douglas v. State,* 878 N.E.2d 873, 881 (Ind. Ct. App. 2007) (revising defendant's sentence "[a]fter due consideration of [his] minimal criminal history, probation violations, and guilty plea," which are all factors weighing on defendant's character).

*Id.* at 218-19 (footnotes omitted). We concluded that although Rule 7(B) states we may revise a sentence we find to be inappropriate "in light of the nature of the offense *and* the character of the offender," (emphasis added), we view the wording of the rule as a statement requiring us to *consider* both prongs in our assessment, "and not as a requirement that the defendant must necessarily *prove* each of those prongs render his sentence inappropriate." *Id.* at 219.

[9] Notably, after *Connor* was decided and one month before *Sanders* was handed down*,* our supreme court reviewed a defendant's contention that his sentence was inappropriate based solely on his character in *Shoun v. State*, 67 N.E.3d 635 (Ind. 2017). There, the defendant did "not dispute the severe nature of the crime and focuse[d] his argument on his character—that is, his alleged intellectual disability as evidenced by his low IQ and his 'compromised psychological state.'" *Id.* at 642. Rather than deem the defendant's Rule 7(B) argument waived, our supreme court concluded that the defendant's "arguments that his character makes his . . . sentence inappropriate are not persuasive." *Id.*

[10] Contrary to the "clear" reading of Rule 7(B) *Sanders* purports, panels of this court have continued to interpret Rule 7(B) consistently with *Connor*. In *McFall v. State,* 71 N.E.3d 383 (Ind. Ct. App. 2017), a panel of this court found the defendant's sentence inappropriate based solely upon considerations of the defendant's character. Regarding the nature of the offense, the court noted only, "McFall manufactured methamphetamine in a drug house in which a housemate's children also lived." *Id.* at 390. The court then concluded:

> Given that this is McFall's first felony conviction and the progress that she has made since her arrest to overcome her addiction and get her life in order, we believe that an above-advisory sentence is inappropriate.

*Id.* at 391.

Similarly, in *Holmes v. State*, 2017 WL 4665791 (Ind. Ct. App. Oct. 18, 2017), the defendant conceded the nature of his offense was "extremely serious[,]" *id.* at \*4, and the court went on to weigh the defendant's character, stating:

> As for [the defendant's] character, she argues that she was raised in deplorable conditions, had no criminal history before this case, was employed "in an attempt to provide for her children," and "appeared to express sincere remorse at the time of her sentencing." But even considering these things in [the defendant's] favor, they do not overcome the horrific nature of the offense in Count I, as relayed by the trial court and exhibited by the photographs in this case. Homes has failed to persuade us that her forty-year sentence for Count I is inappropriate.

*Id.* at \*5.

We continue to view *Connor*'s interpretation of Rule 7(B) as consistent with the purpose of the rule, our constitutional prerogative from which the rule is derived, and principles of justice. Indeed, requiring a defendant to *prove* each of the prongs in order to render his sentence inappropriate can lead to absurd results and require defendants to mount disingenuous arguments on appeal.[1] As we noted in *Connor,* this interpretation of Rule 7(B) does not lessen a defendant's burden; rather, the burden may be "heightened by the need to prove the nature of his character should overcome the admittedly serious nature of his

---

[1] As we explained in *Connor,* "no one could dispute with a straight face that every child molesting offense is heinous[.]" 58 N.E.3d at 220. Requiring an appellant to *prove* both prongs of Rule 7(B) forces an appellant to launch disingenuous arguments regarding the nature of a horrendous offense. This interpretation also discourages candor to this tribunal and wastes valuable judicial resources.

offense." 58 N.E.3d at 220. Therefore, we continue to recognize the two prongs of Rule 7(B) to be separate inquiries that must "ultimately be balanced in determining whether a sentence is inappropriate." *Id.* at 218.

[13] Accordingly, we reject the State's argument that Reis has waived review of his sentence by acknowledging the egregiousness of his offenses. Notwithstanding this divergence of caselaw regarding Rule 7(B), we will consider both the nature of Reis's offenses and his character in evaluating whether his sentence is inappropriate.

## B. Nature of the Offense

[14] Our analysis of the "nature of the offense" portion of the appropriateness review begins with the advisory sentence. *Clara v. State*, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). The advisory sentence is the starting point selected by the legislature as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Reis pleaded guilty to a Level 5 felony and a Class A misdemeanor. Indiana Code section 35-50-2-6 states:

> (b) A person who commits a Level 5 felony . . . shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years.

Indiana Code section 35-50-3-2 states:

> A person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than (1) years . . . .

The trial court sentenced Reis to five years for the Level 5 felony operating a motor vehicle while privileges are forfeited for life to be served consecutively to the maximum sentence of one year for the Class A misdemeanor operating a vehicle while intoxicated endangering a person.

[15]   Here, Reis endangered the community by driving intoxicated. This is particularly true given the fact that Reis fell asleep with his vehicle obstructing two lanes of traffic on a state highway in the early hours of the morning. Moreover, Reis's driving privileges had been forfeited for life due to past convictions and he should never have been behind the wheel of the vehicle, intoxicated or not. Although the trial court sentenced Reis to the near-maximum sentence, we find the *admittedly* egregious nature of Reis's offenses supports such a sentence.

## C. Character of the Offender

[16]   Reis contends his sentence is inappropriate in light of his character. The "character of the offender" portion of the standard refers to the general sentencing considerations and the relevant aggravating and mitigating circumstances. *Williams v. State*, 782 N.E.2d 1039, 1051 (Ind. Ct. App. 2003), *trans. denied.* We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Stephenson v. State*, 53 N.E.3d 557, 561 (Ind. Ct. App. 2016). A defendant must still persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Id.*

[17] Reis contends the failure of the trial court to consider his guilty plea renders his sentence inappropriate. "A guilty plea demonstrates a defendant's acceptance of responsibility for the crime and extends a benefit to the State . . . . Thus, a defendant who pleads guilty deserves to have mitigating weight extended to the guilty plea in return." *Francis v. State*, 817 N.E.2d 235, 237-38 (Ind. 2004) (citations omitted). The extent to which a guilty plea is mitigating will vary from case to case. *Id.* at 238 n.3. For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility or when the defendant receives a substantial benefit in return for the plea. *Anglemyer v. State*, 875 N.E.2d 218, 221 (Ind. 2007) (reh'g opinion).

[18] The State argues Reis's plea was "more likely the result of pragmatism than acceptance of responsibility and remorse[,]" because of the weight of the evidence against him. Brief of Appellee at 12 (quoting *Anglemyer,* 875 N.E.2d at 221); *see Scott v. State,* 840 N.E.2d 376, 383 (Ind. Ct. App. 2006) (noting a guilty plea may be considered less significant where there is substantial admissible evidence of the defendant's guilt), *trans. denied.* Weight of the evidence aside, Reis pleaded guilty to both counts as charged. Reis did not receive the benefit of reduced or dropped charges nor did he receive the benefit of a sentencing agreement. Therefore, because only the State received a benefit from Reis's guilty pleas, this factor weighs in Reis's favor. *See Cotto v. State,* 829 N.E.2d 520, 525-26 (Ind. 2005) (holding that a guilty plea was entitled to significant mitigating weight where the State did not directly dismiss any charges).

[19]     With that said, we find Reis's criminal record reflects so poorly on his character that it outweighs any positive consideration from his guilty plea. Reis has accumulated a total of seventeen convictions, including four felonies, over the preceding seven years. His convictions also include the same and similar offenses as these—operating a vehicle while intoxicated and operating a vehicle as an habitual traffic violator. Even a minor criminal record reflects poorly on a defendant's character, *Rutherford v. State,* 866 N.E.2d 867, 874 (Ind. Ct. App. 2007), and Reis admits his is an "extensive record upon which the trial court properly placed 'a great deal of weight.'" Br. of Appellant at 12.

[20]     Instead, Reis argues his prior sentences have failed to address his alcohol problem and that the "trial court's failure to recognize that treatment options remained untried and available renders the near maximum prison sentence that [he] received inappropriate." Br. of Appellant at 13. To the extent that Reis argues another sentence is more appropriate, the question under Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). Reis fails to advance an argument regarding why his sentence is inappropriate in consideration of his alcohol problem.

[21]     We applaud the fact that Reis was able to be free of convictions for three and one-half years prior to this conviction and that he admits his alcohol problem. However, this is not sufficient to find his character warrants a reduction of his sentence. Given Reis's lengthy criminal history and the egregious nature of his crimes, we cannot say his sentence is inappropriate.

# Conclusion

[22]    Reis's sentence is not inappropriate in light of the nature of his offenses or of his character.  We therefore affirm the sentence.

[23]    Affirmed.


Riley, J., and Pyle, J., concur.