## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 29 2018, 6:10 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Akeem D. Boddie,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 29, 2018

Court of Appeals Case No.
18A-CR-1038

Appeal from the Allen Superior Court

The Honorable John F. Surbeck, Jr., Judge

Trial Court Cause No.
02D06-1708-F1-11

**Robb, Judge.**

# Case Summary and Issues

[1] Following a jury trial, Akeem Boddie was convicted of burglary, a Level 1 felony, and theft, a Level 6 felony, and received a sentence totaling forty-two years. Boddie appeals his conviction of burglary and his sentence, raising two issues for review: whether sufficient evidence supports his burglary conviction and whether his sentence is inappropriate. Concluding the evidence is sufficient and that his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] In the early morning hours of May 1, 2017, Deloise Kelly, a seventy-five-year-old woman, heard a crash in her house and, unable to get back to sleep, got up to go to the bathroom. When she walked into her kitchen she was punched in the mouth by an intruder she later identified as Boddie. A struggle ensued resulting in Kelly being struck two more times. After the last strike, Kelly fell backwards and hit her head on the floor. She did not see the face of the person who attacked her but remembered him saying, "I'm going to beat your ass bitch." Transcript, Volume 1 at 124. She also recalled that he was short, African-American, and was wearing a dark-colored hoodie. Kelly remained on the floor dazed for a while after the intruder left, but eventually made it into her bedroom where she called 911.

[3] Officer Daniel Hartman of the Fort Wayne Police Department was dispatched to Kelly's house and discovered the back sliding glass door was shattered. After

entering the residence, Officer Hartman found Kelly in her bedroom bloody and disoriented. A paramedic arrived soon thereafter and treated Kelly for injuries to her face and hands. She was taken to the hospital and treated for a subarachnoid hemmorhage. Kelly was also treated for a broken nose, required sutures for ten different wounds, and her head injuries required staples. Police showed Kelly a photo array at the hospital, asking her if she could identify the person who attacked her. She identified a photograph that was not of Boddie. She remained in the hospital for a month before being discharged to a rehabilitation facility. She suffers from ongoing pain and vision difficulties.

Kelly recognized Boddie's voice during the incident but was unable to remember his name, only recalling that he lived next door at some point and dated one of her foster daughters several years ago. After she was released from the hospital, Kelly was driving in her neighborhood and saw Boddie, at which time she realized that Boddie was the person associated with the voice.

Kelly's car keys, television, laptop, and car were all missing after the break in. Four hours after the incident, Boddie was seen at a nearby Walgreens in Kelly's car. He stole two cases of beer from the store, returned to Kelly's car, and drove away. The Walgreens assistant manager was able to see the car and driver as it left the parking lot and took several pictures. He noticed the sole occupant of the car was an African-American male wearing a black hoodie.

Shortly thereafter, Officer Scotty Lewis located Kelly's vehicle parked in an alley a few miles from the Walgreens. Officer Lewis observed two men walking

out of a residence just north of where the vehicle was found. One of the men was carrying two cases of beer and matched the description of the person who had stolen beer from Walgreens. Officers took the men into custody. Another officer brought the Walgreens assistant manager to a location near the alley so that he could see the men officers had detained. The assistant manager identified Boddie as the person who had taken beer from the Walgreens without paying. The assistant manager also identified Boddie at trial.

[7] Police gathered Boddie's clothing and took a swab of his DNA to run against other DNA samples recovered during the investigation. At trial, a DNA expert noted that Boddie's jeans had glass pieces in the cuffs, a blood stain on his shoes tested positive for both his and Kelly's DNA, and both his and Kelly's DNA, along with an unknown third person's, was found on the steering wheel of the car. Police also matched the soles of Boddie's shoes with a bloody shoeprint left in Kelly's kitchen.

[8] On August 15, 2017, the State charged Boddie with burglary, a Level 1 felony; aggravated battery, a Level 3 felony; and auto theft, a Level 6 felony, for the acts committed against Kelly; and theft, a Level 6 felony, for the acts committed against Walgreens. A jury found Boddie guilty on all counts. Boddie was sentenced on March 26, 2018. The trial court found that Boddie's extensive criminal history and the age and condition of the victim constituted aggravating factors and found no mitigating factors. The trial court entered judgment of conviction only as to burglary and theft and sentenced Boddie to

consecutive terms of forty years for the burglary conviction and two years for the theft conviction. Boddie now appeals.

# Discussion and Decision[1]

## I. Sufficiency of Evidence

### A. Standard of Review

When reviewing a challenge to the sufficiency of evidence, "[w]e will not reweigh the evidence or assess the credibility of witnesses." *Watson v. State*, 776 N.E.2d 914, 918 (Ind. Ct. App. 2002). We will only consider evidence most favorable to the verdict along with "all reasonable inferences that can be drawn therefrom." *Id.* "If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then the conviction will be affirmed." *Id.*

### B. Sufficiency

Boddie argues the State failed to present sufficient evidence to support his conviction for Level 1 felony burglary.[2] Indiana statute defines burglary as "[a] person who breaks and enters the building or structure of another person, with intent to commit a felony or theft in it[.]" Ind. Code § 35-43-2-1. The offense is

---

[1] Boddie's appellant's brief does not include a Summary of Argument section as required by Indiana Appellate Rule 46(A)(7).

[2] Boddie specifically does not challenge his conviction for theft, as his sole argument on appeal is that Kelly's identification of him was insufficient to support convictions for the crimes committed against her.

a Level 1 felony if: "(A) the building or structure is a dwelling; and (B) it results in serious bodily injury to any person other than a defendant." Ind. Code § 35-43-2-1(4). Therefore, the burden was on the State at trial to prove beyond a reasonable doubt that Boddie broke and entered into Kelly's home, intended to commit a felony or theft therein, and caused serious bodily injury to Kelly. *See* Ind. Code § 35-41-4-1(a).

[11] Kelly identified Boddie as the intruder at trial, testifying that she was able to recognize him by his voice. She remembered the voice belonged to a neighborhood boy who dated her foster daughter five or six years prior. The State presented five pieces of circumstantial evidence that bolstered Kelly's identification by showing that: (1) Boddie was observed driving Kelly's stolen car a few hours after the assault; (2) Boddie's DNA was found on the steering wheel of Kelly's stolen car; (3) Kelly's DNA was present on Boddie's shoes; (4) the tread of Boddie's shoes matched the bloody shoeprints found in Kelly's home; and (5) Boddie's jean cuffs contained broken fragments of glass.

[12] Our supreme court has held on multiple occasions that "[i]n-court identifications on the basis of voice alone [are] sufficient to sustain a conviction." *Easley v. State*, 427 N.E.2d 435, 436 (Ind. 1981). It has also been held that voice identification that places the defendant at the scene of a crime at the time and place of the crime's commission constitutes direct evidence because it is based on the witness's personal senses. *Jackson v. State*, 758 N.E.2d 1030, 1036 (Ind. Ct. App. 2001).

[13]    Here, Boddie contends that Kelly's identification is insufficient to sustain his burglary conviction. He argues that Kelly's identification is faulty because: (1) Kelly's identification was based on hearing seven words, a very limited amount of contact; (2) Kelly gave an extremely vague description of the culprit to police, only remembering that he was African-American, short, and wearing a hoodie; (3) Kelly did not identify Boddie when initially presented with a photo array; (4) Kelly did not identify Boddie until two months after the incident; and (5) a substantial length of time had passed since Boddie dated Kelly's foster daughter and the burglary.

[14]    Boddie cites *Gaddis v. State*, where our supreme court cautioned that a court needs to be particularly vigilant in assessing sufficiency claims where the conviction is supported by only one eyewitness's testimony. 253 Ind. 73, 80, 251 N.E.2d 658, 662 (1969). The court stated in *Gaddis* that identification by only one eyewitness can lead to errors stemming from imperfect recollection or defective perception when the identification is coupled with a complete lack of corroborating circumstantial evidence. *Id.* Boddie argues that the circumstantial evidence in this case does not corroborate the identification made by Kelly. He contends the four hours between when the incident occurred and when he was arrested effectively negates any inference that he was the one who stole Kelly's vehicle just because he was found in possession of it. To further bolster his point, Boddie cites the fact that a third person's DNA was recovered from Kelly's stolen car, as well as ambiguity surrounding how Kelly's blood actually got on his shoes.

Boddie's arguments challenging the circumstantial evidence are a request for this court to reweigh the evidence and judge witness credibility, two matters which are the sole responsibility of the jury. *See Watson*, 776 N.E.2d at 918. His argument also fails because unlike the witness's testimony in *Gaddis*, Kelly's testimony was not induced by coercion and her identification of Boddie was bolstered by five pieces of circumstantial evidence pointing to Boddie as the perpetrator.

Kelly's voice identification of Boddie coupled with the circumstantial evidence reinforcing her identification is sufficient for a reasonable jury to find beyond a reasonable doubt that Boddie committed burglary.

# II. Inappropriate Sentence

## A. Standard of Review

"The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

> It is on this basis alone that a criminal defendant may now challenge his or her sentence where the trial court has entered a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence that is supported by the record, and the reasons are not improper as a matter of law, but has imposed a sentence with which the defendant takes issue.

*Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). The defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Id.* at 494. "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The sentence imposed by the trial court should be upheld unless we find compelling evidence "portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

## B. Indiana Appellate Rule 7(B)

[18]     Boddie argues that his sentence is inappropriate, but his sole argument is that "he is not, by any analysis, the worst of offenders[.]" Brief of Defendant-Appellant at 19. The State alleges in its brief that Boddie has waived review of his sentence by failing to make an argument regarding the nature of his offense, citing a recent decision from this court which held that:

> Rule 7(B) plainly requires, as this court has long acknowledged, the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of the offenses and his character. . . . Because Sanders has failed to present any authority or analysis on the issue of the nature of his offenses, he has waived our review of the inappropriateness of his sentence.

*Sanders v. State*, 71 N.E.3d 839, 843-44 (Ind. Ct. App. 2017) (quotation omitted), *trans. denied*. The position of the *Sanders* panel has been contested in a more recent opinion stating that "we view the wording of the rule as a statement requiring us to *consider* both prongs in our assessment, and not as a requirement that the defendant must necessarily *prove* each of those prongs [to] render his sentence inappropriate." *Reis v. State*, 88 N.E.3d 1099, 1103 (Ind. Ct. App. 2017) (quotation omitted). We reasoned in *Reis* that "requiring a defendant to *prove* each of the prongs in order to render his sentence inappropriate can lead to absurd results and require defendants to mount disingenuous arguments on appeal." *Id.* at 1104. "[T]his interpretation of Rule 7(B) does not lessen a defendant's burden; rather, the burden may be heightened by the need to prove the nature of his character should overcome the admittedly serious nature of his offense." *Id.* (quotation omitted).

[19] For the reasons stated in *Reis*, we reject the State's argument that Boddie has waived his right to review of his sentence for inappropriateness. Accordingly, we will consider both Boddie's offense and his character when reviewing his sentence.

## C. Nature of the Offense

[20] The nature of the offense references a defendant's actions in comparison with the elements of the offense. *Cannon v. State*, 99 N.E.3d 274, 280 (Ind. Ct. App. 2018), *trans. denied*. The nature of the offense can be analyzed by using the advisory sentence as a starting point. *Anglemyer*, 868 N.E.2d at 494.

[21] In the present case, Boddie argues that the sentence for only his burglary conviction was inappropriate.[3] Boddie was sentenced to forty years for his Level 1 burglary conviction. "[A] person who commits a Level 1 felony . . . shall be imprisoned for a fixed term between twenty (20) and forty (40) years, with the advisory sentence being thirty (30) years." Ind. Code § 35-50-2-4(b).

[22] Although Boddie recieved the maximum sentence for a Level 1 felony and a near-maximum sentence for a Level 6 felony, the egregious nature of the offense supports such a sentence. Boddie broke into a seventy-five-year-old woman's home in the dead of night. When the noise awoke Kelly and she left her bedroom, Boddie brutally attacked her, leaving her bloody and dazed on the floor. While Kelly was laying unconscious, Boddie took things from her home and then stole her car and drove away. Kelly suffered serious and lasting injuries as a result of the confrontation. The sentence is supported by the serious nature of Boddie's offense.

## D. Character of the Offender

[23] The character of the offender refers to "general sentencing considerations and the relevant aggravating and mitigating circumstances." *Cannon*, 99 N.E.3d at

---

[3] Generally, we review the entirety of a sentence for inappropriateness, which in this case would include the two years Boddie was sentenced for his conviction stemming from the theft from Walgreens. *See Corbally v. State*, 5 N.E.3d 463, 472 (Ind. Ct. App. 2014) (noting we should "focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count"). However, because Boddie specifically states that he "is challenging his sentence on his conviction for Count I, Burglary, as a Level 1 offense[,]" Br. of Defendant-Appellant at 18, we address that sentence only.

280. "We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate." *Stephenson v. State*, 53 N.E.3d 557, 561 (Ind. Ct. App. 2016).

[24] The trial court identified two aggravating factors and no mitigating factors in sentencing Boddie. The aggravating circumstances warranting an enhanced sentence were the victim's age and Boddie's lengthy criminal history. On appeal, Boddie does not challenge the trial court's use of the victim's age as an aggravating factor; he only contests that he does not deserve a maximum sentence because he is not the worst of offenders based on his criminal history.

[25] One relevant fact in considering the character of the offender is the defendant's criminal history. *Eisert v. State*, 102 N.E.3d 330, 335 (Ind. Ct. App. 2018), *trans. denied*. "The significance of a criminal history . . . varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Id.* Boddie acknowledges his extensive criminal history. He was first adjudicated for battery as a juvenile in 2006, and as an adult he has been convicted of criminal conversion, criminal trespass, domestic battery, resisting law enforcement, auto theft, invasion of privacy, and theft. His current convictions evince an ongoing pattern of criminal behavior lacking any indication of reform. This leads us to conclude that Boddie's sentence is not inappropriate in light of his character.

# Conclusion

The direct and circumstantial evidence presented at trial was sufficient for a reasonable jury to have found Boddie guilty of burglary beyond a reasonable doubt. Boddie has not met his burden of persuading us that his sentence is inappropriate in light of the nature of his offense and his character. Accordingly, we affirm Boddie's conviction for burglary and his sentence.

Affirmed.

Baker, J., and May, J., concur.