## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 26 2018, 9:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brett T. Rhodes, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 26, 2018 <br><br> Court of Appeals Case No. 18A-CR-2038 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. 02D05-1707-F6-853 |

**Robb, Judge.**

# Case Summary and Issue

[1] Brett Rhodes pleaded guilty to one count of unlawful possession of a syringe, a Level 6 felony, but his sentencing was delayed while he participated in the Allen County Drug Court Diversion Program. Upon being unsuccessfully terminated from Drug Court, Rhodes was sentenced to two years in the Indiana Department of Correction, with the possibility of serving his time on work release if eligible. Rhodes now appeals his sentence, raising one issue for our review: whether his two-year sentence is inappropriate in light of the nature of his offense and his character. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] In July 2017, police responded to an anonymous tip that people were smoking spice in a room at a Fort Wayne hotel. When Rhodes answered the door, officers could see numerous syringes in plain view around the room. Also present in the room were two other men and a woman. One of the men was passed out on the bed. Rhodes admitted to officers that he was a heroin addict and, when asked if he was in possession of any drugs or weapons, further admitted that he had a syringe. Two syringes were discovered in Rhodes' front pocket.

[3] The State charged Rhodes with one count of unlawful possession of a syringe, a Level 6 felony. He pleaded guilty to the charge and was placed in the Allen

County Drug Court Diversion Program on August 14, 2017. In the following ten months, Rhodes submitted diluted urine screens twice, tested positive for alcohol twice, tested positive for spice once, tested positive for methamphetamine once, and failed to appear for a drug screen five times. He was sanctioned with jail time for being in violation of Drug Court rules on four occasions. Finally, on June 25, 2108, Rhodes' placement in the Drug Court program was revoked.

[4] Rhodes' sentencing hearing was held on August 2, 2018. Finding Rhodes' "multi-state criminal record with failed efforts of rehabilitation" to be an aggravating factor, Transcript, Volume 2 at 8, and his guilty plea and statement of remorse as mitigating factors, the trial court sentenced him to two years at the Department of Correction, with the possibility of serving his sentence on work release if he were to be accepted into the work release program. Rhodes now challenges both the length and placement of his sentence as inappropriate.

# Discussion and Decision

## I. Standard of Review

[5] "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[T]he question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265,

268 (Ind. Ct. App. 2008). In this regard, the "sentence" includes not only the term of the sentence but also the placement. *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007) ("The location where a sentence is to be served is an appropriate focus for application of our review and revise authority.").

[6] The defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. Deference to the trial court's sentencing decision should prevail unless it can be overcome by compelling evidence "portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). "The principal role of appellate review should be to attempt to leaven the outliers . . . not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

## II. Inappropriate Sentence

[7] The nature of the offense refers to a defendant's actions in comparison with the elements of the offense. *Cannon v. State*, 99 N.E.3d 274, 280 (Ind. Ct. App. 2018), *trans. denied*. The nature of the offense can be analyzed by using the advisory sentence as a starting point. *Anglemyer*, 868 N.E.2d at 494.

[8] Rhodes pleaded guilty to one count of Level 6 felony unlawful possession of a syringe and received two years for his conviction. The sentencing range for a

Level 6 felony is between six months and two and one-half years with an advisory sentence of one year. Ind. Code § 35-50-2-7(b). Rhodes contends the nature of his offense is innocuous because he had no intent to harm or profit from it and he did not prey on the public or put the public at risk. He also contends it must be acknowledged that his offense stems from a severe addiction.

[9] In order to commit "unlawful possession of a syringe," the defendant must have the intent to violate the Indiana Legend Drug Act or commit an offense related to controlled substances. Ind. Code § 16-42-19-18. Rhodes admitted via his guilty plea that he possessed a syringe with intent to do just that. Based on the paraphernalia police found in the hotel room,[1] many drugs were ingested by the occupants of the room, so much so that one occupant had passed out. Although we agree that there was nothing particularly egregious about Rhodes' offense in that it was primarily harmful to himself, we do note that his conduct, along with the conduct of several other people, was bothersome enough to another guest of the hotel that the guest felt compelled to call the police and advised them "it was causing her problems." Appellant's App., Vol. 2 at 32.

[10] The character of the offender refers to "general sentencing considerations and the relevant aggravating and mitigating circumstances." *Cannon*, 99 N.E.3d at

---

[1] The probable cause affidavit indicates officers "observed numerous used needles . . . in various places all over the room[,]" as well as "spoons and other items associated with using and ingesting narcotics." Appellant's Appendix, Volume 2 at 32.

280. "We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate." *Stephenson v. State*, 53 N.E.3d 557, 561 (Ind. Ct. App. 2016). When evaluating the character of the offender, we consider his or her criminal history a relevant factor, *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017), *trans. denied*, and "[t]he significance of [a defendant's] criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense[,]" *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013).

[11] As noted by the trial court, Rhodes has a criminal history in three different states, and currently has an outstanding warrant in California. He has no juvenile record, but from 2010 to 2018, he amassed ten misdemeanor and three felony convictions, including drug and alcohol offenses, one of which was a prior conviction of unlawful possession of a syringe, and several offenses against property, including theft and conversion. As described by the trial court, he has been given "short jail sentences, longer jail sentences, probation, community service, [a] Treatment Program, the Work Release Program, and then the Drug Court Program . . . and probation [has been] revoked twice." Tr., Vol. 2 at 9. Again, Rhodes asserts that "[w]hatever character flaws that [he] possesses are the manifestations of a disease he is attempting to fight." Appellant's Brief at 11. We observe that Rhodes' drug use has gotten progressively worse, beginning with alcohol use in his teens and escalating from regular use of marijuana to spice to cocaine to methamphetamine and finally

heroin. Even while participating in the Drug Court program, he was unable to abstain from the use of drugs and alcohol. He is classified in the high-risk category to reoffend. Rhodes has not shown that he has "substantial virtuous traits or persistent examples of good character." *Stephenson*, 29 N.E.3d at 122.

[12] Rhodes contends that the trial court's order that he be committed to the Department of Correction fails to provide him with any rehabilitative treatment and asserts an appropriate sentence would have been the advisory sentence of one year suspended to probation through which he could access the tools and resources essential to treat his substance abuse problem. We have stated that it is "quite difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate[,]" because "trial courts know the feasibility of alternative placements in particular counties or communities." *Fonner*, 876 N.E.2d at 343. And, as previously stated, the question is not whether another sentence would be more appropriate. *King*, 894 N.E.2d at 268.

[13] Considering Rhodes' criminal history, history of substance abuse, and his inability to stay clean in less-restrictive environments, we cannot say that a two-year sentence with the possibility of serving that sentence on work release is inappropriate, especially given Rhodes' inability to successfully complete the Drug Court program in this case. Although the nature of Rhodes' offense is neutral, his character as exemplified by his criminal history supports the sentence of two years' incarceration. Rhodes has failed to meet his burden of showing that his sentence is inappropriate.

# Conclusion

[14] Rhodes' sentence is not inappropriate in light of the nature of his offense and his character. Accordingly, his sentence is affirmed.

[15] Affirmed.

Riley, J., and Kirsch, J., concur.